## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| TIMOTHY HARTER and KEVIN HAYS, on behalf of themselves and all others similarly situated; <br><br> *Plaintiffs,* <br><br> v. <br><br> M. A. FORD MFG. CO., INC. dba M.A. FORD MANUFACTURING COMPANY, INC., an Iowa Corporation, <br><br> *Defendant.* | Case No.: 3:24-cv-00056-SMR-SBJ |

**DEFENDANT M.A. FORD MFG. CO., INC. dba M.A. FORD MANUFACTURING COMPANY, INC., an Iowa Corporation's BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINITFFS' CONSOLIDATED CLASS ACTION COMPLAINT <u>PURSUANT TO FED. R. CIV. PRO. 12(b)(1) AND 12(b)(6)</u>**

## <u>**TABLE OF CONTENTS**</u>

I.     INTRODUCTION & FACTUAL BACKGROUND…………………………………1

II.    LEGAL ARGUMENT …………………………………………………………………..2

    A.  Legal Standard for Dismissal Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ………………………………………………………...……………..2

    B.  Plaintiffs Have Failed to Establish Standing and thus their Class Action Complaint Must be Dismissed Pursuant to Rule 12(b)(1) ……………………..…………..3

        1.  Allegations of Potential Future Harm Do Not Create Standing ….……...……5

        2.  Allegations of Mitigating Efforts Do Not Create Standing ………….……..7

        3.  Allegations of Diminished Value of Private Information Do Not Create Standing ………………………………………………………………………8

        4.  Allegations of Lost Benefit of the Bargain Do Not Create Standing ….……...9

        5.  Emotional Distress Allegations Do Not Create Standing ……………..……...10

        6.  Allegations of "Rights to Privacy" Do Not Create Standing ……………..……10

        7.  Plaintiffs Fail to Establish Traceability to any Conduct of M.A. Ford ….……...11

    C.  Plaintiff's Class Action Complaint Must be Dismissed Pursuant to Rule 12(b)(6)...……………………………………………………………………...12

        1.  Plaintiffs Have Failed to State a Claim for Negligence and Negligence *Per S*e ………………………………………………………………..……12

          a.  Plaintiffs' Tort Claims are Barred by Iowa's Economic Loss Rule …....…13

          b.  Allegations of Emotional Distress Fail to Establish Damages Absent Physical Injury ……………………………………………………...…..14

          c.  Diminution of Value …………………………………………..………15

          d.  Speculative and Conclusory Allegations Fail to Establish Damages …..…16

          e.  There is No Duty Based on the FTCA ……………………………..……17

          f.  No Common Law Duty…………………………………………..……18

          g.  No Duty Based on Special Relationship …………………………………19

2.   Plaintiffs Have Failed to State a Claim for Breach of Implied Contract ……19

3.   Plaintiffs Have Failed to State a Claim for Breach of Fiduciary Duty ……...21

4.   Plaintiffs Have Failed to State a Claim for Unjust Enrichment ……………..23

5.   Plaintiffs are Not Entitled to Declaratory and Injunctive Relief ……………24

III.    CONCLUSION …………………………………………...………………………26

## **TABLE OF AUTHORITIES**

**Cases**

*Alons v. Iowa Dist. Ct. for Woodbury Cnty.,* 698 N.W.2d 858 (Iowa 2005). ........................16

*Ambrosecchia v. Paddock Lab'ys, LLC,* 855 F.3d 949 (8th Cir. 2017) ........................................3

*Anderson v. Boeke,* 491 N.W. 2d 182 (Iowa Ct. App. 1992) .......................................................21

*Annett Holdings, Inc. v. Kum &amp; Go, L.C.,* 801 N.W.2d 499 (Iowa 2011 ............... 13, 14, 16

*Ashcroft v Iqbal*, 556 U.S. 662 (2009) .......................................................................................3

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534 (1986)) ....................…..…....................2

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585 (8th Cir. 2009)...................................................3, 6

*Brown v. Dorsey & Whitney, L.L.P.*, 267 F.Supp.2d 61 (D.D.C. 2003) ........................................22

*Butler v. Dowd*, 979 F.2d 661 (8th Cir. 1992)..............................................................................25

*Cagin v. McFarland Clinic, P.C.*, 317 F. Supp. 2d 964 (S.D. Iowa 2004)..................................22

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013)..............................................................4, 5, 7

*Clark v. Estate of Rice ex rel. Rice*, 653 N.W.2d 166 (Iowa 2002)............................................10

*Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc.*, 918 N.E.2d 36 (2009) ……………....…….16

*Deere & Co. v. Kinze Mfg., Inc.,* 683 F. Supp. 3d 904 (S.D. Iowa 2023) ……………………..…..3

*Eco BDT, S.A. v. Butler*, 2015 WL 5719724 (D. Minn. Sept. 28, 2015) ....................................26

*Estate of McFarlin v. State*, 881N.W.2d 51 (Iowa 2016). ..........................................................19

*Flom v. Stahly*, 569 N.W.2d 135 (Iowa 1997)............................................................................14

*Friedmann v. Sheldon Comm. Sch. Dist.*, 995 F.2d 802 (8th Cir. 1993) ………………………….2

*Garcia v. Iowa Interstate R.R., Ltd.*, 829 N.W.2d 589 (Table), 2013 WL 988635 (Iowa Ct. App. Mar. 13, 2013)...............................................................................................................13

*Green v. eBay Inc.,* No. CIV.A. 14-1688, 2015 WL 2066531 (E.D. La. May 4, 2015) ...............8

*Heyde v. Heyde*, 997 N.W.2d 894, 2023 WL 6620119 (Iowa Ct. App. 2023)............................21

*Hillesheim v. Holiday Stationstores, Inc.*, 900 F.3d 1007 (8th Cir. 2018) ...................................... 3

*Huizenga v. Indep. Sch. Dist. No. 11*, 44 F.4th 806 (8th Cir. 2022) ............................................. 12

*Hunter v. Union State Bank*, 505 N.W.2d 172 (Iowa 1993) ........................................................ 19

*In re Arthur J. Gallagher Data Breach Litig.*, 631 F.Supp.3d 573 (N.D. Ill. 2022) ................. 24

*In re Facebook Internet Tracking Litig.*, 140 F.Supp.3d 922 (N.D. Cal. 2015) ........................... 15

*In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*, 45 F. Supp. 3d 14 (D.D.C. 2014) ................................................................................................................................. 8

*In re SuperValu, Inc.*, 870 F.3d 763 (8th Cir. 2017) ................................................................. 7, 8

*In re SuperValu, Inc.*, No. 14-MD-2586 ADM/TNL, 2016 WL 81792 (D. Minn. Jan. 7, 2016), *aff'd in part, rev'd in part and remanded*, 870 F.3d 763 (8th Cir. 2017) .................................... 8

*In re SuperValu, Inc.*, 925 F.3d 955 (8th Cir. 2019) ................................................. 17, 23, 24

*In re Zappos.com, Inc.*, 108 F. Supp. 3d 949 (D. Nev. 2015) ................................................. 8, 11

*In re TJX Companies Retail Sec. Breach Litig.*, 564 F.3d 489 (1st Cir. 2009), *as amended on reh'g in part* (May 5, 2009) ..................................................................................................... 16

*Iowa League of Cities v. E.P.A.*, 711 F.3d 844 (8th Cir. 2013) .................................................. 4

*Irons v. Cmty. State Bank*, 461 N.W.2d 849 (Iowa Ct. App. 1990) ............................................ 19

*Johnson v. State of Mo.*, 142 F.3d 1087 (8th Cir. 1998) .............................................................. 5

*Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751 (8th Cir. 2021) .................................... 3

*Kruse v. Krumwiede*, 928 N.W.2d 171, 2019 WL 1300312 (Iowa Ct. App. 2019) ..................... 19

*Kuhns v. Scottrade, Inc.*, 868 F.3d 711 (8th Cir. 2017) ............................................................... 7

*Kurth v. Van Horn*, 380 N.W.2d 693 (Iowa 1986) ..................................................................... 22

*LaSpina v. SEIU Pa. State Council*, 985 F.3d 278 (3d Cir. 2021) ............................................. 11

*Lawrence v. Grinde*, 534 N.W.2d 414 (Iowa 1995) .................................................................. 10

*Leonor v. Heavican*, 8:21CV76, 2021 WL 2555654 (D. Neb. June 22, 2021), *aff'd*, 21-2661, 2021 WL 6689168 (8th Cir. Aug. 16, 2021) ............................................................................ 24

*Levine v. Boyd*, No. 23-1081, 2024 WL 3687782 (Iowa Ct. App. Aug. 7, 2024) .......................19

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ...................................... 2, 4, 5, 11

*Magnusson Agency v. Pub. Entity Nat. Co.-Midwest*, 560 N.W.2d 20 (Iowa 1997) ................9

*Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643 (8th Cir. 1993) ....................................2

*McKee v. Isle of Capri Casinos, Inc.*, 864 N.W.2d 518 (Iowa 2015) ..........................................19

*McLeod v. Gen. Mills, Inc.*, 856 F.3d 1160 (8th Cir. 2017) .........................................................25

*McNaught v. Nolen*, 76 F.4th 764 (8th Cir. 2023) ..........................................................................4

*Medlmmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ........................................................25

*Midwest Home Distrib., Inc. v. Domco Indus. Ltd.*, ......................................................................9

*Miller v. City of St. Paul*, 823 F.3d 503 (8th Cir. 2016) ...............................................................5

*Miranda v. Said*, 836 N.W.2d 8 (Iowa 2013) ..............................................................................10

*Mitchell v. Dakota Cty. Soc. Servs.*, 959 F.3d 887 (8th Cir. 2020) ............................................24

*Mohsen v. Veridian Credit Union*, No. C23-2048-LTS-KEM, 2024 WL 2080177 (N.D. Iowa May 9, 2024) ..................................................................................................... 14, 15, 16

*Morris v. Legends Fieldhouse Bar & Grill, LLC*, 958 N.W.2d 817 (Iowa 2021), *as amended* (May 5, 2021) ..........................................................................................................................18

*Neb. Innkeepers, Inc. v. Pittsburgh-Des Moines Corp.*, 345 N.W.2d 124 (Iowa 1984) ..............13

*Neitzke v. Williams*, 490 U.S. 319 (1989) ......................................................................................3

*Nelson v. Todd's Ltd.*, 426 N.W.2d 120 (Iowa 1988) ..................................................................14

*Onanuga v. Pfizer, Inc.*, No. 03–Civ–5405, 2003 WL 22670842 (S.D.N.Y. Nov.7, 2003) .........22

*Packard Elevator v. I.C.C.*, 782 F.2d 112 (8th Cir. 1986) ..........................................................26

*Petro v. Palmer Coll. of Chiropractic*, 945 N.W.2d 763 (Iowa 2020) .......................................20

*Pub. Water Supply Dist. No. 8 of Clay Cnty., Mo. v. City of Kearney, Mo.*, 401 F.3d 930 (8th Cir. 2005) ..........................................................................................................................25

*Pulliam v. W. Tech. Grp., LLC*, No. 8:23-CV-159, 2024 WL 356777

(D. Neb. Jan. 19, 2024) ............................................................................... 7, 8, 10, 16

*Raines v. Byrd*, 521 U.S. 811 (1997) ……………………………………………………..2

*Reilly v. Ceridian Corp.*, 664 F.3d 38 (3d Cir. 2011) ................................................... 6

*Rodriguez v. Mena Hosp. Comm'n*, No. 2:23-CV-2002, 2023 WL 7198441 (W.D. Ark. Nov. 1, 2023) ............................................................................................................... 24

*S & A Farms, Inc. v. Farms.com, Inc.*, 862 F. Supp. 2d 898 (S.D. Iowa 2011), *aff'd*, 678 F.3d 949 (8th Cir. 2012) ...................................................................................................... 21

*Scott v. Gen. Cas. Ins. Co.*, 662 N.W.2d 373, 2003 WL 288959 (Iowa Ct. App. 2003) ............. 23

*Shumate v. Drake Univ.*, 846 N.W.2d 503 (Iowa 2014) ............................................. 17

*Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26 (1976) ................................ 4

*Smith v. Golden China of Red Wing, Inc.*, 987 F.3d 1205 (8th Cir. 2021) ................................ 4

*Soy, Inc. v. Wells Fargo Bank, N.A.*, 636 F. Supp. 3d 970 (S.D. Iowa 2022) ....................... 13, 14

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) ............................................................ 4, 5

*State ex rel. Palmer v. Unisys. Corp.*, 637 N.W.2d 142 (Iowa 2001) ........................................ 23

*Sterling v. Calvin*, 874 F.2d 571 (8th Cir.1989) ......................................................... 25

*Stotts v. Eveleth*, 688 N.W.2d 803 (Iowa 2004 .......................................................... 21

*Struve v. Payvandi*, 740 N.W.2d 436 (Iowa Ct. App. 2007 ................................................ 17

*Stukas v. Muller*, 699 N.W.2d 685, 2005 WL 1225382 (Iowa Ct. App. 2005). .......................... 23

*Summers v. Earth Island Inst.*, 555 U.S. 488 (2009) ................................................... 26

*TransUnion L.L.C. v. Ramirez*, 594 U.S. 413 (2021) ..................................... 2, 3, 4, 5

*United States ex rel. Ambrosecchia v. Paddock Lab'ys, LLC*, 855 F.3d 949 (8th Cir. 2017) ….......3

*Warth v. Seldin*, 422 U.S. 490 (1975) ................................................................. 2

*Whitmore v. Arkansas*, 495 U.S. 149 (1990) ............................................................ 4, 7

*Wiersgalla v. Garrett*, 486 N.W.2d 290 (Iowa 1992) .................................................. 13

*Willingham v. Glob. Payments, Inc*., No. 1:12-CV01157-RWS, 2013 WL 440702 (N.D. Ga. Feb. 5, 2013) ...........................................................................................................................14

*Young v. City of St. Charles*, 244 F.3d 623 (8th Cir. 2001) …………….……………………...…..3

**Statutes**

15 U.S.C. § 45.................................................................................................................17, 18

22 U.S.C. §§ 220...................................................................................................................24

**Other Authorities**

Restatement (Second) of Torts, § 874 (1979)........................................................................21

Restatement (Third) of Torts §37 (2012) ..............................................................................19

**Rules**

Fed. R. Civ. P 8(a)(2) .............................................................................................................3

Fed. R. Civ. P. 12(b)(1) ..................................................................................................2, 3, 5

Fed. R. Civ. P. 12(b)(6) ..............................................................................................2, 3, 12

Defendant, M.A. Ford Mfg. Co., Inc. dba M.A. Ford Manufacturing Company, Inc., an Iowa Corporation (hereinafter referred to as "M.A. Ford" or "Defendant"), by and through its undersigned counsel, respectfully moves this Honorable Court to dismiss Plaintiffs, Timothy Harter and Kevin Hays', Consolidated Class Action Complaint ("CCAC") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and in support submits the following memorandum.

## I.     INTRODUCTION & FACTUAL BACKGROUND

Defendant M.A. Ford is a hardware manufacturing company, based out of Davenport, Iowa, that sells high performance cutting tools. CCAC ¶¶ 2, 20. "To manage and keep track of its employees, M.A. Ford collects and maintains Private Information." CCAC ¶ 2. Plaintiffs Timothy Harter and Kevin Hays ("Plaintiffs") were both employees of M.A. Ford at some point. CCAC ¶¶ 43, 56.

"On December 14, 2023, Defendant identified it was subject to a cyberattack," investigated the data breach, and "confirmed that an unauthorized actor accessed Defendant's systems between December 12, 2023, and December 14, 2023." *Id*. at ¶ 3. M.A. Ford sent notice of the Data Breach "on or around May 31, 2024." *Id*. at 4.

Plaintiffs raise vague allegations of "anxiety, emotional distress, loss of privacy, and other economic and non-economic losses." *Id*. at ¶ 201. Plaintiffs allege injury in the form of "lost or diminished value of Private Information," "out-of-pocket expenses," and "lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach." *Id*. at ¶¶ 1, 15. Moreover, Plaintiff Harter alleges that he has "noticed several unauthorized entries onto his accounts," but does not allege what accounts - or type of accounts,

what the entries consisted of, or when these entries occurred. (CCAC ¶ 52).  Importantly, neither

Plaintiff alleges actual fraud or identity theft.

Plaintiffs raise six causes of action against M.A. Ford: negligence; breach of the implied

contract; negligence *per se*; unjust enrichment; breach of fiduciary duty; and, declaratory and

injunctive relief, all of which should be dismissed.  As a result of the data breach, Plaintiffs seek

injunctive relief, monetary damages, declaratory relief, and punitive damages. *See Id*.

## II.    LEGAL ARGUMENT

### A.    <u>Legal Standard for Dismissal Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)</u>

"Federal courts are not courts of general jurisdiction and have only the power that is

authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."

*Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993)(citing *Bender v.*

*Williamsport Area Sch. Dist*., 475 U.S. 534, 541 (1986)). "Article III confines the federal judicial

power to the resolution of Cases and Controversies in which a plaintiff has a personal stake."

*TransUnion L.L.C. v. Ramirez*, 594 U.S. 413, 414 (2021)(internal quotation marks omitted)

(quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997)) "As the party invoking federal jurisdiction, the

plaintiffs bear the burden of demonstrating that they have standing." *TransUnion*, 594 U.S. at 430–

31 (2021)(citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Plaintiffs must

establish standing for each claim raised and each form of relief sought. *See Id*. at 431. In a putative

class action, the named plaintiffs must personally establish standing under Article III. *See Warth*

*v. Seldin*, 422 U.S. 490, 501-02 (1975). "Without standing the federal courts are without subject

matter jurisdiction to entertain [a plaintiff's] action." *Friedmann v. Sheldon Comm. Sch. Dist.*, 995

F.2d 802, 804 (8th Cir. 1993). "Because standing implicates subject matter jurisdiction, standing

may be challenged under Federal Rule of Civil Procedure 12(b)(1)." *Deere & Co. v. Kinze Mfg., Inc.,* 683 F. Supp. 3d 904, 912 (S.D. Iowa 2023). *See* Fed. R. Civ. P. 12(b)(1).

In addition to challenging a plaintiff's standing to bring suit through Rule 12(b)(1), a defendant may challenge the legal sufficiency of any claim pursuant to Rule 12(b)(6). A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P 8(a)(2); see also *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 757 (8th Cir. 2021). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009)). The court is not obligated to accept legal conclusions and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *United States ex rel. Ambrosecchia v. Paddock Lab'ys, LLC*, 855 F.3d 949, 955 (8th Cir. 2017)(alteration in original) (quoting *Iqbal*, 556 U.S. at 678). Dismissal under Rule 12(b)(6) is warranted if the complaint is "fatally flawed in [its] legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001)(citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

### B. Plaintiffs Have Failed to Establish Standing and thus their Class Action Complaint Must be Dismissed Pursuant to Rule 12(b)(1)

A plaintiff must establish standing for each claim raised and each form of relief sought. *See TransUnion,* 594 U.S. at 431. A party must demonstrate three elements for standing purposes: "(1) a plaintiff must have suffered an 'injury in fact,' (2) that is 'fairly traceable to the challenged conduct,' and (3) is 'likely to be redressed by a favorable judicial decision.'" *Hillesheim v. Holiday Stationstores, Inc.*, 900 F.3d 1007, 1010 (8th Cir. 2018) (quoting *Spokeo, Inc. v. Robins*, 578 U.S.

330, 330 (2016)). Standing is a jurisdictional prerequisite that must be resolved before reaching the merits. *Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 869 (8th Cir. 2013).

The first requirement of standing, an injury in fact, is defined as "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual, or imminent, not conjectural or hypothetical". *Lujan*, 504 U.S. at 560 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)) (internal citations omitted). A purported injury in fact must "be 'concrete'- that is, 'real and not abstract.'" *TransUnion*, 594 U.S. at 424.

Additionally, claims of future harm must be "certainly impending". *McNaught v. Nolen*, 76 F.4th 764, 770 (8th Cir. 2023). In other words, "[a] plaintiff must show that he 'sustained or is immediately in danger of sustaining some direct injury as the result of the challenged ... conduct and that the injury or threat of injury must be both real and immediate.'" *Smith v. Golden China of Red Wing, Inc.*, 987 F.3d 1205, 1209 (8th Cir. 2021) (alteration in original) (citation omitted). "'[A]llegations of *possible* future injury' are not sufficient." *McNaught*, 76 F.4th 764 at 770 (emphasis and alteration in original) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).

The second requirement of standing, traceability, requires a plaintiff to establish that the injury alleged is "fairly … trace[able] to the challenged action of the defendant, and not … th[e] result [of] the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976))(alteration in original).

Lastly, a plaintiff must show redressability or the likelihood that a favorable outcome will redress the injury alleged. *Id.* at 561. Such a showing is essential to establishing a plaintiff's

standing to bring suit and must be demonstrated "with the manner and degree of evidence required at the successive stages of the litigation." *Id*.

Plaintiffs here have failed to establish any actual, concrete, particularized, or imminent injuries and therefore do not have standing to bring suit. Allegations of increased risk of future harm, mitigative efforts, loss of value or benefit of the bargain, and invasion of privacy all fail to create a legally cognizable injury sufficient for standing. Plaintiffs have also failed to establish that future harm, in the form of identity theft or fraud, is or could be fairly traceable to the cyberattack on M.A. Ford. As such, the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

### 1. Allegations of Potential Future Harm Do Not Create Standing

Plaintiffs' CCAC is absent of allegations that Plaintiffs have sustained a tangible, particularized injury and instead largely sets forth allegations of an increased risk of some future harm. Generally, tangible harms are most easily recognizable as concrete injuries. *See TransUnion,* 594 U.S. at 425 (citing *Spokeo,* 578 U.S. 330). That said, intangible harms may also be recognized as concrete harms. *See Id*. In limited circumstances, the threat of future injury may also give rise to a cognizable claim. However, the Eighth Circuit has repeatedly "recognized that 'a threatened injury must be certainly impending to constitute injury in fact,' and that "allegations of future injury must be particular and concrete.'" *Miller v. City of St. Paul*, 823 F.3d 503, 507-08 (8th Cir. 2016) (quoting *Johnson v. State of Mo.,* 142 F.3d 1087, 1089 (8th Cir. 1998)); *see also Clapper,* 568 U.S. at 409. "[S]tanding theories that rest on speculation about the decisions of independent actors," or that rely "on a highly attenuated chain of possibilities does not satisfy the requirement that the threatened injury must be certainly impending." *Clapper,* 568 U.S at 410, 414.

Plaintiffs here premise their claims of injury-in-fact on a remote and speculative increased risk of future harm. "In future injury cases, the plaintiff must demonstrate that the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *In re SuperValu, Inc.*, 870 F.3d 763, 769 (8th Cir. 2017). In the data breach context, other courts have rejected the contention that the "risk of future harm" is sufficient to show Article III injury-in-fact. *See, e.g., Reilly v. Ceridian Corp.*, 664 F.3d 38, 43 (3d Cir. 2011) ("Most courts have held that such plaintiffs lack standing because the harm is too speculative. We agree with the holdings in those cases.") (internal citation omitted). As *Reilly explained*:

> [W]e cannot now describe how [plaintiffs] will be injured in this case without beginning our explanation with the word "if": *if* the hacker read, copied, and understood the hacked information, and *if* the hacker attempts to use the information, and *if* he does so successfully, only then will Appellants have suffered an injury.

664 F.3d at 43 (concluding plaintiffs' alleged risk of future injury depends "on entirely speculative, future actions of an unknown third-party"). Here, Plaintiffs will only *possibly* suffer an injury *if* a long line of highly speculative events occur. Yet, at the pleading stage a plaintiff must show that success on the merits is more than a sheer possibility. *Braden,* 588 F.3d at 594.

Plaintiffs' allegations of increased risk of identity theft and future harm fail to establish sufficient actual imminency and therefore are not concrete injuries under the law. Notably, Plaintiffs have not alleged that their information has been made available for sale on the dark web, but instead offer conjecture and conclusory statements regarding possible publication. *See* CCAC ¶¶ 10, 44. Plaintiffs allege that the private information "can- and likely will – be sold on the dark web," "has likely already been published on the dark web," and "will likely end up for sale on the dark web" CCAC ¶¶ 10, 39. However, Plaintiffs have not - and cannot - plead that the data potentially accessed by cybercriminals has been published, as evidenced by the unsupported

allegation that, "on information and belief, Plaintiff Harter's Private Information has already been published…by cybercriminals on the Dark Web." CCAC ¶ 1(sic.). Even assuming *arguendo* that Plaintiffs were able to establish the probable publication of their private information on the dark web, that would not satisfy the requirement an injury be "certainly impending" because "'[a]llegations of *possible* future injury'" are not sufficient. *Clapper*, 568 U.S. at 409 (quoting *Whitmore*, 495 U.S. at 158)(emphasis and alteration in original).

### 2.  Allegations of Mitigating Efforts Do Not Create Standing

As noted by the Supreme Court, standing is not conveyed by allegations of mitigation and other such reactions to potential future risk if the threatened harm is not "certainly impending." *Clapper*, 568 U.S. at 416 (plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending."). The Eight Circuit echoed those sentiments ruling that despite plaintiffs' argument that their mitigation efforts constitute an injury in fact, "[b]ecause plaintiffs have not alleged a substantial risk of future identity theft, the time they spent protecting themselves against this speculative threat cannot create an injury." *In re SuperValu, Inc.,* 870 F.3d 763, 771 (8th Cir. 2017). Thus, mitigation "is not in itself an injury in fact unless there is also a substantial risk of future injury in fact." *Pulliam v. W. Tech. Grp., LLC*, No. 8:23-CV-159, 2024 WL 356777, at *8 (D. Neb. Jan. 19, 2024)(same). Thus, the mere possibility of a risk of future harm is not enough for standing. *See SuperValu*, 870 F.3d at 770–771. "Massive class action litigation should be based on more than allegations of worry and inconvenience." *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 718 (8th Cir. 2017).

Here, Plaintiffs have failed to establish a substantial risk of future harm or certainly impending injury and have also failed to plead any mitigative efforts actually undertaken beyond mere conclusory and vague allegations. Plaintiffs have not alleged that they paid for additional

credit monitoring services (and Plaintiff Hays failed to even allege he signed-up the credit monitoring service offered by Defendant), closed any accounts, incurred any financial losses or expenses, or required psychological therapy or treatment to address alleged anxiety and emotional distress that allegedly began as a result of the breach.

Therefore, Plaintiffs failed to establish any actual or imminent harm resulting from the data breach and cannot manufacture standing through some mitigative efforts to avoid non-imminent future harm they claim to be at an "increased risk of suffering." *See* CCAC ¶¶ 122, 125, 144. Therefore, their mitigation efforts are insufficient to convey standing and the CCAC must be dismissed. *See SuperValu, Inc*, 870 F.3d 763 (8th Cir. 2017).

### 3. Allegations of Diminished Value of Private Information Do Not Create Standing

Plaintiffs also allege they suffered injury due to the "lost or diminished value of Private Information" CCAC ¶ 15(i). This theory of injury also fails.

Courts have consistently held allegations of diminution of value of private information does not establish a legally cognizable injury. *See In re SuperValu, Inc.,* No. 14-MD-2586 ADM/TNL, 2016 WL 81792, at *7 (D. Minn. Jan. 7, 2016), *aff'd in part, rev'd in part and remanded,* 870 F.3d 763 (8th Cir. 2017); *In re Zappos.com, Inc*., 108 F. Supp. 3d 949 (D. Nev. 2015) (finding no injury in fact where plaintiffs had not alleged that the data breach had prevented them from selling their personal information at the price it was worth)); *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig*., 45 F. Supp. 3d 14, 30 (D.D.C. 2014) (same); *Green v. eBay Inc.,* No. CIV.A. 14-1688, 2015 WL 2066531, at *5 n.59 (E.D. La. May 4, 2015) ("Even if the Court were to find that personal information has an inherent value and the deprivation of such value is an injury sufficient to confer standing, Plaintiff has failed to allege facts indicating how the value of his personal information has decreased as a result of the Data

Breach."). *Pulliam*, 2024 WL 356777, at *8 ("diminished value of Plaintiffs' personal information is not an injury sufficient to confer standing.").

Here, Plaintiffs' alleged diminution of value injuries are neither particularized nor concrete. Moreover, Plaintiffs' conclusory statements that their information has lost value is unavailing. Plaintiffs have not pleaded that their personal information has been sold or traded. Plaintiffs have failed to adequately plead the existence of a legitimate market for the sale of their private information. Importantly, Plaintiffs have not suggested that they attempted or will someday attempt to sell such information. To the contrary, the basis of Plaintiffs' suit are their claims that the potential sale of their personal information would cause them and the proposed Class an increased risk of future harms. These allegations are therefore insufficient to grant standing.

### 4. Allegations of Lost Benefit of the Bargain Do Not Create Standing

Plaintiffs cannot establish standing through an alleged loss of the benefit of the bargain. Loss of benefit of the bargain is a way to measure damages stemming from a breach of contract due to fraud in Iowa. *See Midwest Home Distrib., Inc. v. Domco Indus. Ltd.,* 585 N.W.2d 735, 739 (Iowa 1998).[1] "[B]enefit-of-the-bargain damages are intended to provide a sum of money that will put the non-breaching party in the position that he or she would have been if the contract had not been breached." *Magnusson Agency v. Pub. Entity Nat. Co.-Midwest*, 560 N.W.2d 20, 27 (Iowa 1997).

Plaintiffs here have failed to establish the existence of a contract with M.A. Ford, failed to establish any such contract was breached through fraud, and most importantly have failed to

---

[1] In Iowa, fraud requires the following elements: (1) representation, (2) falsity, (3) materiality, (4) scienter, (5) intent to deceive, (6) justifiable reliance, and (7) resulting injury or damage. *See Milas v. Soc'y Ins.*, 912 N.W.2d 501 (Iowa Ct. App. 2017). Here, the CCAC is without sufficient factual pleadings to establish all seven requisite elements.

sufficiently plead any injury; thus, they cannot manufacture standing based on the same. Plaintiffs allege that they "suffered ascertainable losses in the form of the loss of the benefit of the bargain…." CCAC ¶ 8. However, Plaintiffs fail to expound any further on that statement and therefore fail to allege *any* concrete financial harms from what they allegedly bargained. Thus, Plaintiffs cannot manufacture standing through alleging a loss without sufficiently pleading the same. Additionally, the CCAC is without sufficient factual allegations to establish fraud or the existence of any contract or breach of the same. Therefore, Plaintiffs have failed to establish a loss of the benefit of the bargain pursuant to Iowa law.

### 5.  Emotional Distress Allegations Do Not Create Standing

The CCAC contains conclusory allegations of anxiety, sleep disruption, stress, fear, and frustration (emotional distress) that fail to give rise to a legally cognizable injury because they are not recoverable absent a physical injury under Iowa law. CCAC ¶¶ 50, 51, 65, 125, 201. "The general rule in Iowa is emotional distress damages are not recoverable in torts absent intentional conduct by a defendant or some physical injury to the plaintiff." *Miranda v. Said*, 836 N.W.2d 8, 14 (Iowa 2013) (internal quotation marks omitted) (quoting *Clark v. Estate of Rice ex rel. Rice*, 653 N.W.2d 166, 169 (Iowa 2002)); *see Lawrence v. Grinde*, 534 N.W.2d 414, 421 (Iowa 1995) ("emotional distress damages are not recoverable unless accompanied by physical injury."). *See also Pulliam*, 2024 WL 356777, at *10 (allegations of stress, fear, and anxiety failed to establish a legally cognizable injury). Therefore, because Plaintiffs have not claimed some physical injury, their bald allegations pertaining to emotional distress fail to establish damages as a matter of law, and also cannot manufacture standing.

### 6.  Allegations of "Rights to Privacy" Do Not Create Standing

Plaintiffs cannot establish standing by merely stating that they have suffered injury in the form of "loss of privacy." CCAC ¶¶ 50, 52, 65, 201. To begin, Plaintiffs do not identify what

"rights to privacy" were violated. Plaintiffs do not plead invasion of privacy or breach of privacy; instead, merely stating that there was a "loss of privacy" or that their "rights to privacy" were violated, leaving it at that. Regardless, such an abstract and conclusory claim does not confer Article III standing without showing that the loss of privacy amounts to a concrete and particularized injury, which Plaintiffs have not established. *See, In re Zappos.com, Inc.*, 108 F. Supp. 3d at 962 n.5 ("Even if Plaintiffs adequately allege a loss of privacy, they have failed to show how that loss amounts to a concrete and particularized injury."). Consequently, Plaintiffs' claims of having suffered an alleged "privacy injury" fail to confer Article III standing.

### 7.  Plaintiffs Fail to Establish Traceability to any Conduct of M.A. Ford

To satisfy the second element of standing, traceability, Plaintiffs must establish the injury is "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (1992). *See also LaSpina v. SEIU Pa. State Council*, 985 F.3d 278, 284 (3d Cir. 2021)("We have previously explained that the traceability element is akin to but for causation in tort.")(internal quotation marks omitted). Thus, to satisfy this element and establish standing, Plaintiffs must sufficiently plead that the data breach of M.A. Ford, discovered on December 14, 2023, caused the alleged injuries.

Instead, Plaintiff's CCAC highlights that "[i]n 2023, a record 3,205 data breaches occurred in the United States, resulting in about 349,221,481 sensitive records being exposed, a greater than 100% increase from 2019." CCAC ¶ 69. Plaintiffs establish that data breaches have been ongoing since well before the cyberattack on M.A. Ford, resulting in hundreds of millions of records being exposed. Thus, Plaintiffs have failed to plead facts making it plausible that any alleged risk or future harm they face is traceable to the singular data breach of M.A. Ford.

Furthermore, Plaintiffs not only fail to establish a concrete injury, but any speculative future injury cannot be traced to this data breach. Plaintiffs do not allege that due to this breach alone their private information is or was published or leaked on the dark web or that it has or is being bought or sold by criminal actors. *See* CCAC ¶¶ 10, 39, 1(sic.). Instead, Plaintiffs offer conclusory statements of conjecture that "criminals often post stolen private information openly and directly on various 'dark web' internet websites, making the information publicly available, for a substantial fee of course" without any factual support for that occurring in this case. *Id*. at ¶ 127. As such, Plaintiffs fail to establish that their alleged harm is traceable to this cyberattack inflicted upon M.A. Ford and have therefore failed to establish standing; thus, the CCAC must be dismissed.

### C. **Plaintiff's Class Action Complaint Must be Dismissed Pursuant to Rule 12(b)(6)**

This Court need not continue its inquiry if it determines that Plaintiffs lack standing. However, should this Court decide that Plaintiffs have demonstrated standing, Plaintiffs' CCAC must be dismissed for failure to state any claim for relief under the more stringent burden of proof required under Rule 12(b)(6). *Huizenga v. Indep. Sch. Dist. No. 11*, 44 F.4th 806, 811 (8th Cir. 2022) ("The standing inquiry is merely a threshold inquiry; it does not present the higher hurdles of pleading a claim to relief on the merits under Federal Rule of Civil Procedure 12(b)(6).")( internal quotation marks omitted.).

#### 1. **Plaintiffs Have Failed to State a Claim for Negligence and Negligence *Per Se***

Plaintiffs' claims for negligence and negligence *per se* fail as a matter of law and must be dismissed. "'The essential elements of a tort claim for negligence generally include: (1) the existence of a duty on the part of the defendant to protect plaintiff from injury; (2) a failure to

perform that duty; (3) a reasonably close causal connection, i.e., legal cause or proximate cause; and (4) damages.'" *Soy, Inc. v. Wells Fargo Bank, N.A.*, 636 F. Supp. 3d 970, 978–79 (S.D. Iowa 2022) (quoting *Garcia v. Iowa Interstate R.R., Ltd.*, 829 N.W.2d 589 (Table), 2013 WL 988635, at *4 (Iowa Ct. App. Mar. 13, 2013). Negligence *per se* requires a plaintiff sufficiently plead a statute or regulation imposing a rule of conduct specifically designed for the safety of identified persons of which plaintiff is intended to be included and plaintiff sustains injuries as a proximate cause of a defendant's violation of the statute or regulation. *See Wiersgalla v. Garrett*, 486 N.W.2d 290, 292 (Iowa 1992). If the CCAC fails to contain sufficient facts to establish even one of these requisite elements, then Plaintiffs have failed to sufficiently state a claim for negligence upon which relief may be granted. *See Id.* As detailed *supra*, the CCAC fails to establish any legally cognizable damages and therefore Plaintiffs' negligence and negligence *per se* claims must be dismissed. Additionally, Plaintiffs have failed to establish all other requisite elements of these claims, which are torts that are barred by the economic loss rule under these circumstances.

### a. Plaintiffs' Tort Claims are Barred by Iowa's Economic Loss Rule

Because Plaintiffs have failed to allege a legally cognizable non-economic injury, and instead allege purely speculative and/or conclusive economic damages, Plaintiffs' claims of negligence and negligence *per s*e and allegations of diminution in value and emotional distress must be dismissed pursuant to Iowa's economic loss rule.

In Iowa the "well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable." *Neb. Innkeepers, Inc. v. Pittsburgh-Des Moines Corp.*, 345 N.W.2d 124, 126 (Iowa 1984); *See Annett Holdings, Inc. v. Kum &amp; Go, L.C.*, 801 N.W.2d 499, 503 (Iowa 2011) ("the economic loss rule bars recovery in negligence when the plaintiff has suffered only economic loss"). The economic loss rule, as applied in Iowa, means a plaintiff cannot recover purely

13

economic damages in tort absent very limited exceptions to this rule, none of which apply to the instant matter. *See Flom v. Stahly*, 569 N.W.2d 135, 141 (Iowa 1997); *Nelson v. Todd's Ltd.,* 426 N.W.2d 120, 123–25 (Iowa 1988) ("The federal appeals court noted that in Iowa, a plaintiff can recover for purely economic loss only in contract and not in tort law"). Moreover, the economic loss doctrine "is by no means limited to the situation where the plaintiff and the defendant are in direct contractual privity." *Annett Holdings*, 801 N.W.2d at 504. In fact, the rationale for the economic loss rule is to limit recovery for purely economic losses that *may* arise from a breach of contract. *See Soy, Inc.*, 636 F. Supp. 3d at 979.

Plaintiffs here allege that "[a]s a condition of providing staffing services, Defendant requires that its employees entrust it with Private Information." CCAC ¶ 85. Furthermore, they allege that in doing so, "Plaintiffs and the Class entered implied contracts with Defendant by which Defendant agreed to safeguard and protect such information, to keep such information secure and confidential, and to timely and accurately notify Plaintiffs and the Class if its data had been breached and compromised or stolen." CCAC ¶ 205. Therefore, any alleged duty would arise from an alleged contract itself. But because they have failed to allege any personal injury or property damage, their claims must fail. *See Mohsen v. Veridian Credit Union*, No. C23-2048-LTS-KEM, 2024 WL 2080177, at *7 (N.D. Iowa May 9, 2024)(dismissing plaintiff's negligence claim due to the economic loss rule); *See also Willingham v. Glob. Payments, Inc*., No. 1:12-CV01157-RWS, 2013 WL 440702, at *18 (N.D. Ga. Feb. 5, 2013)("Courts addressing data breach cases have dismissed negligence claims based on the economic loss doctrine where the plaintiff has not suffered personal injury or property damage.").

### b. Allegations of Emotional Distress Fail to Establish Damages Absent Physical Injury

The CCAC contains conclusory allegations of anxiety, sleep disruption, stress, fear, frustration, and emotional distress that fail to give rise to a legally cognizable injury because they are not recoverable absent a physical injury under Iowa law. *See* CCAC ¶¶ 51, 65, 125, 201. Plaintiffs here allege no physical injury. *See* CCAC. For all the reasons set forth above in section II(B)(5), Plaintiffs' vague allegations pertaining to emotional distress fail to establish damages as a matter of law. *See Mohsen*, 2024 WL 2080177, at *7 (finding that under Iowa law, plaintiff's "allegations of emotional harm do not preclude application of the economic loss rule to bar his negligence claim.").

### c. Diminution of Value

Diminution of the value of private information does not constitute a non-economic property injury. Plaintiffs allege they suffered an "injury in the form of damages to and diminution in the value of his Private Information – a form of intangible property…." CCAC ¶¶ 50, 65. For many of the same reasons set forth above in section II(B)(3), their argument also fails here.

To begin, Plaintiffs have not alleged that there is a market for their private information where either one previously attempted to sell the same, that they would do so in the future, or that they were barred from entering into a value for value transaction. *See In re Facebook Internet Tracking Litig.,* 140 F.Supp.3d 922, 930–32 (N.D. Cal. 2015). Therefore, any loss Plaintiffs suffered in this context is completely imaginary, upon which no claim can be based.

Furthermore, this matter was recently analyzed in the Northern District of Iowa. *See Mohsen v. Veridian Credit Union*, 2024 WL 2080177. In addition to reviewing federal caselaw the court also reviewed Iowa caselaw and found that "[t]he Iowa Supreme Court has signaled an unwillingness to circumvent the economic loss rule in cases involving theft of personal data. *Id.*

at *4. The court held that any diminution of value of plaintiff's PII does not constitute a non-economic property injury. *Id*. at *5. The court's reasoning was as follows:

> Here, for two reasons, I hold that any diminution of the value of Mohsen's PII does not constitute a non-economic property injury. First, the Iowa Supreme Court's reasoning in *Annett Holdings* signals that the Court will be skeptical of circumventing the economic loss rule in cases involving the theft of personal data. Indeed, the case the Iowa Supreme Court favorably discussed, *Cumis*, involved arguably more tangible property damage in that the plaintiffs had to reissue physical credit and debit cards. Second, I find the First Circuit's reasoning in *In re TJX* persuasive and predict that the Iowa Supreme Court will adopt it if faced with this issue. Mohsen's PII may have value, and he may have plausibly pleaded that this value was diminished due to the data breach, however, any such diminution in value is an economic loss, not physical damage to property. As such, Mohsen's argument that the diminution of the value of his PII constitutes property injury, and thus falls outside the scope of the economic loss rule, fails.

*Id*.

Plaintiffs here cannot state a claim for diminution of value to their private information for the same reasons as decided in *Mohsen*, and even assuming *arguendo* they suffered such an injury, said injury would be purely economic. Therefore, such a claim must be dismissed.

### d. Speculative and Conclusory Allegations Fail to Establish Damages

Actual damages are required to substantiate a claim for negligence and negligence *per se* under Iowa law. Even if, *arguendo*, the economic loss rule did not apply here, Plaintiffs' allegations of anticipatory injuries are not sufficient damages as detailed above. *See Alons v. Iowa Dist. Ct. for Woodbury Cnty.,* 698 N.W.2d 858, 870 (Iowa 2005). Other courts have held that allegations of injuries directly analogous – and strikingly similar – to those alleged in the CCAC do not constitute actual damages. *See Pulliam*, 2024 WL 356777 at *7–8 (Allegations of actual identity theft; expended effort and time checking for instances of fraudulent activity; alleged diminution in the value of private information; alleged loss of privacy; delayed notice

of the theft of private information allegedly preventing early mitigation efforts and compounding harm; alleged stress, fear, and anxiety; and alleged private information being stolen and listed for sale on the dark web all failed to establish a legally cognizable injury). "Where the mere possibility of harm exists, or damages are otherwise speculative, actual damages are absent." *In re SuperValu, Inc.,* 925 F.3d 955, 964 (8th Cir. 2019)(citation and internal quotation marks omitted).

As detailed *supra*, Plaintiffs' allegations are conclusive, speculative, based on conjecture and hypothetical scenarios, and have failed to establish a legally cognizable injury in fact. Absent damages, Plaintiffs have failed to state a claim for negligence and negligence *per se* upon which relief may be granted.

### e.   There is No Duty Based on the FTCA

Plaintiffs allege M.A. Ford failed to "employ reasonable and appropriate measures to protect against unauthorized access to Plaintiffs' and Class Members' PII constitutes an unfair act or practice prohibited by Section 5 of the FTC Act, 15 U.S.C. § 45." CCAC ¶ 113. However, absent legally cognizable damages, an alleged breach of duty or statute alone does not give rise to a concrete injury. First, "not all statutory violations give rise to a private cause of action". *Shumate v. Drake Univ.,* 846 N.W.2d 503, 507 (Iowa 2014) ("a private statutory cause of action exists 'only when the statute, explicitly or implicitly, provides for such a cause of action"). Furthermore, under Iowa law, violation of a statute may be negligence *per se*, only if the statute is specific enough to establish a standard of conduct and provides for a private cause of action. *Struve v. Payvandi*, 740 N.W.2d 436, 442-43 (Iowa Ct. App. 2007). *See also SuperValu*, 925 F3d at 963-64 ("Congress empowered the Commission – and the Commission alone – to enforce the FTCA. Implying a cause of action would be inconsistent with Congress's anticipated enforcement scheme.")

17

Second, Plaintiffs have failed to establish damages, which are necessary to state a claim upon which relief may be granted for negligence. Plaintiffs have not alleged any financial loss and have not alleged a physical harm. Plaintiffs' allegations of economic harm are all speculative and based on conjecture and hypothetical scenarios. Such insufficient pleadings cannot be cured by mere allegations of noncompliance with FTCA guidelines. (Furthermore, allegations of noncompliance alone do not constitute an injury in fact and do not give rise to standing.) Therefore, Plaintiffs' negligence and negligence *per se* claims based on the alleged violation of the FTCA fail and Counts I and III of the CCAC should be dismissed.

### f.  No Common Law Duty

Plaintiffs allege M.A. Ford "owes a duty of care to Plaintiff and Class Members that require it to adequately secure Plaintiffs and Class members' Private Information."  CCAC ¶ 238(sic.). Plaintiffs asserts that Defendant "breached its duties to Plaintiffs and the Class by failing to implement industry protocols and exercise reasonable care in protecting and safeguarding the Private Information of Plaintiffs and the Class during the time the Private Information was within Defendant's possession or control." CCAC ¶ 187. Plaintiffs also allege that M.A. Ford "breached its duty to exercise appropriate clearinghouse practices" and "to adequately and timely disclose to Plaintiffs and the Class the existence and scope of the Data Breach." CCAC ¶¶ 191-192. Whether or not a duty exists is a question of law for the Court. *See Morris v. Legends Fieldhouse Bar & Grill, LLC*, 958 N.W.2d 817, 822 (Iowa 2021), *as amended* (May 5, 2021).  That Plaintiffs allege a legal duty exists does not make it so. "'[T]here is no duty of care when another is at risk for reasons other than the conduct of the actor, even though the actor may be in a position to help.'" *Levine v. Boyd*, No. 23-1081, 2024 WL 3687782, at *5 (Iowa Ct. App. Aug. 7, 2024)(quoting

Restatement (Third) § 37 cmt. b). *See also Estate of McFarlin v. State*, 881 N.W.2d 51, 59 (Iowa 2016).

### g. No Duty Based on Special Relationship

Plaintiffs attempt to allege a duty based on a "special relationship" between themselves and M.A. Ford. No Iowa authority in the data security context suggests that providing personal information for purposes of "obtaining services from Defendant" creates a "special relationship" requiring M.A. Ford to guard against a criminal attack. CCAC ¶ 177.

### 2. Plaintiffs Have Failed to State a Claim for Breach of Implied Contract

Plaintiffs cannot establish a claim for breach of implied contact and therefore Count II of the CCAC must be dismissed. "An implied in fact contract arises from the conduct of the parties, not merely from their relationship, and requires an expression of assent." *Irons v. Cmty. State Bank*, 461 N.W.2d 849, 855 (Iowa Ct. App. 1990). A claim for breach of an implied contract requires the basic contractual elements of offer and acceptance, consideration, and breach. *See Hunter v. Union State Bank*, 505 N.W.2d 172, 177 (Iowa 1993); *see also Kruse v. Krumwiede*, 928 N.W.2d 171, 2019 WL 1300312, at *3 (Iowa Ct. App. 2019) (a plaintiff must establish: "(1) the existence of a contract, (2) the terms and conditions of the contract, (3) that the plaintiff performed all the terms and conditions required under the contract, (4) that the defendant breached the contract in some particular way, and (5) the plaintiff has suffered damages as a result of defendant's breach"). Implied contracts are true contracts established by a mutual manifestation of consent by the parties to the same terms of the contract. *See McKee v. Isle of Capri Casinos, Inc.*, 864 N.W.2d 518, 526 (Iowa 2015).

Plaintiffs pleads conclusory allegations that they provided their Private Information to M.A. Ford in exchange for employment (CCAC ¶¶ 43 56) and in so doing "entered implied

contracts with Defendant by which Defendant agreed to safeguard and protect such information, to keep such information secure and confidential, and to timely and accurately notify Plaintiffs and the Class if its data had been breached and compromised or stolen." CCAC ¶ 205.

However, the CCAC is void of sufficient factual pleadings of *any* alleged conduct establishing M.A. Ford assented to a contract with Plaintiffs. Instead, Plaintiffs points to M.A. Ford's privacy policy - without attaching it, citing to it, referencing what the policy states, or providing anything more - and simply leaves the rest to the reader's imagination. *See* CCAC ¶ 206.

General statements of compliance are not tantamount to a binding contract. *See Petro v. Palmer Coll. of Chiropractic*, 945 N.W.2d 763, 780 (Iowa 2020) ("The general statements of nondiscrimination in the online application and the equal opportunity policy quoted earlier do not give rise to contractual liability. The 'notice' in the application form is akin to a poster on the wall announcing compliance with law. It is what it says it is—a notice, and not a contractual covenant."). Here, there are no well-pled facts alleged in the CCAC establishing a contract to which M.A. Ford expressed, offered, or assented to. Moreover, Plaintiffs' conclusory, speculative, and/or conjectural allegations fail to establish the same.

Furthermore, Plaintiffs insufficiently pleads a breach of contract by merely alleging that Defendant breached the implied contracts "by failing to safeguard and protect their personal information, by failing to delete the information of Plaintiffs and the Class once the relationship ended, and by failing to provide timely and accurate notice to them that their personal information was compromised because of the Data Breach." CCAC ¶ 206(sic.). Plaintiffs allege that M.A. Ford did not implement measures to prevent cyber-attacks that are recommended by the United States Government or Microsoft or otherwise safeguard or protect Plaintiff's PII. CCAC ¶¶ 97-99. This is followed by speculative and conclusive allegations that M.A. Ford "failed to adequately

implement one or more of the above measures[.]" CCAC ¶ 101. However, these allegations fail to establish a contractual relationship between Plaintiffs and M.A. Ford.

Plaintiffs here have alleged nothing more than conclusions and have failed to plead any conduct on behalf of M.A. Ford that could plausibly establish a mutual assent to a contract. Additionally, the CCAC does not plausibly plead *any* injury sufficient to satisfy the damage element of the breach of contract claim. As such, Plaintiffs have failed to state a claim for breach of implied contract and Count II of the CCAC must be dismissed.

### 3.  Plaintiffs Have Failed to State a Claim for Breach of Fiduciary Duty

Plaintiffs cannot establish a breach of fiduciary duty and therefore Count IV of the CCAC must be dismissed. In order to prevail on a claim of breach of fiduciary duty, a plaintiff must establish: "1) the existence of a fiduciary relationship; 2) Defendant breached a fiduciary duty to Plaintiff; 3) Defendant's breach of its fiduciary duty to Plaintiff was a proximate cause of damage to the Plaintiff; and 4) the amount of damage." *S & A Farms, Inc. v. Farms.com, Inc*., 862 F. Supp. 2d 898, 912 (S.D. Iowa 2011), *aff'd*, 678 F.3d 949 (8th Cir. 2012). Plaintiffs are wholly without legally cognizable injury, cannot establish damages, and have therefore failed to state a claim for breach of fiduciary duty for which relief may be granted.

In Iowa, "the circumstances giving rise to a fiduciary duty are so diverse, whether such a duty exists depends on the facts and circumstances of each case." *Stotts v. Eveleth*, 688 N.W.2d 803, 811 (Iowa 2004). "A fiduciary relationship exists between two persons when one of them is under a *duty* to act for or to give advice for the benefit of another *upon matters within the scope* of the relation." *Anderson v. Boeke,* 491 N.W. 2d 182, 187 (Iowa Ct. App. 1992)(emphasis in original) (citing Restatement (Second) of Torts, Sect. 874, cmt a, at 300 (1979)). *See also Heyde v. Heyde*, 997 N.W.2d 894, 2023 WL 6620119, at *3 (Iowa Ct. App. 2023)("Indicia of a fiduciary

relationship include: 'the acting of one person for another; the having and the exercising of influence over one person by another; the reposing of confidence by one person in another; the dominance of one person by another; the inequality of the parties; and the dependence of one person upon another.'")(quoting *Kurth v. Van Horn*, 380 N.W.2d 693, 696 (Iowa 1986)).

Furthermore, Iowa law does not recognize the existence of a general fiduciary duty between an employer and an employee. *Cagin v. McFarland Clinic, P.C.*, 317 F. Supp. 2d 964, 969 (S.D. Iowa 2004)("The Court is unable to find…any cases in which an Iowa court has recognized the existence of a general fiduciary duty between an employer and an employee.") Moreover, other courts considering whether a general fiduciary duty exists between employer and employee have rejected the proposition. S*ee, e.g., Brown v. Dorsey & Whitney, L.L.P.,* 267 F.Supp.2d 61, 80 (D.D.C. 2003) ("an employer/employee relationship is not a fiduciary relationship[.]"); *Onanuga v. Pfizer, Inc.,* No. 03–Civ–5405, 2003 WL 22670842, at *3 (S.D.N.Y. Nov.7, 2003)("This Court has previously held that an employer-employee relationship is not fiduciary in nature[.]").

Plaintiffs here allege that there was a "special relationship" between the parties by which M.A. Ford became a fiduciary by its undertaking and guardianship of the Private Information. CCAC ¶ 217(sic.).   However, this is a conclusory allegation unsupported by facts or law. Defendant has found no case or statute under Iowa law that supports the proposition that an employee providing information to an employer, for employment purposes, creates a fiduciary relationship. If one logically considers Plaintiffs' overarching argument, this means anytime anyone provides Private Information to another - be it an employer or some other entity – the person or entity receiving such information automatically becomes a fiduciary.

Additionally, the CCAC is absent of *any* cognizable injury and thus Plaintiffs cannot establish damages or causation for the same. S*ee Scott v. Gen. Cas. Ins. Co.*, 662 N.W.2d 373, 2003 WL 288959, at *3  (Iowa Ct. App. 2003) (affirming the district court's summary judgment ruling where "[t]he court determined that although there may have been sufficient evidence to generate a jury question on the existence of such a fiduciary relationship, [plaintiff] made no showing that any duty was breached or that she had suffered any injury or damages as a result of the breach."). Therefore, the CCAC fails to state a claim for breach of fiduciary duty for which relief may be granted and Count IV should be dismissed.

### 4.   Plaintiffs Have Failed to State a Claim for Unjust Enrichment

Plaintiffs' unjust enrichment claim fails as a matter of law and must be dismissed. As the Eighth Circuit found in a data breach case, "[c]ommon sense counsels against the viability of [Plaintiff's] theory of unjust enrichment." *SuperValu,* 925 F.3d at 966.

"The doctrine of unjust enrichment is based on the principle that a party should not be permitted to be unjustly enriched at the expense of another or receive property or benefits without paying just compensation." *State ex rel. Palmer v. Unisys. Corp.*, 637 N.W.2d 142, 154 (Iowa 2001). Under Iowa law, "one asserting a claim of unjust enrichment must establish three propositions: (1) defendant was enriched by the receipt of a benefit, (2) the enrichment was at the expense of the plaintiff, and (3) it is unjust to allow the defendant to retain the benefit under the circumstances." *Stukas v. Muller*, 699 N.W.2d 685, 2005 WL 1225382, at *2 (Iowa Ct. App. 2005).

Here, Plaintiffs allege they "conferred a monetary benefit on Defendant, by providing Defendant with their valuable Private Information." CCAC ¶ 226(sic.). Plaintiffs then baldly allege that M.A. Ford "enriched itself by saving the costs it reasonably should have expended on data

security measures[.]" *Id.* at 227(sic.). Plaintiffs go on to allege that if they "knew that Defendant had not secured their PII, they would not have agreed to provide their PII to Defendant." *Id.* at ¶ 231(sic.).

However, Plaintiffs fail to plead any facts sufficient to establish any benefit being conferred upon M.A. Ford. Rather, Plaintiffs admit that they sought and received employment from M.A. Ford (CCAC ¶¶ 43, 56.), not data security, and they do not allege that they were not compensated for their work. Furthermore, the allegations that Plaintiffs conferred a monetary benefit on M.A. Ford by providing Private Information is meritless. Private Information has no independent monetary value, and therefore there is no cognizable "monetary benefit" sufficient to support a claim for unjust enrichment. *See e.g., In re Arthur J. Gallagher Data Breach Litig.*, 631 F.Supp.3d 573, 592 (N.D. Ill. 2022) ("[c]ourts have … routinely rejected the proposition that an individual's personal identifying information has an independent monetary value"). Moreover, the "Eighth Circuit has previously made clear that unjust enrichment claims have not been plausibly alleged when plaintiffs fail to allege 'a benefit conferred in exchange for protection of [their] personal information." *Rodriguez v. Mena Hosp. Comm'n*, No. 2:23-CV-2002, 2023 WL 7198441, at *12 (W.D. Ark. Nov. 1, 2023)(alteration in original)(quoting *SuperValu,* 925 F.3d at 966). Thus, the CCAC fails to sufficiently allege that M.A. Ford was enriched at the Plaintiffs' expense.

### 5. Plaintiffs are Not Entitled to Declaratory and Injunctive Relief

Plaintiffs' last section includes a request for "Declaratory And Injunctive Relief" pursuant to 22 U.S.C. §§ 2201 *et seq.* (the Federal Declaratory Judgment Act). CCAC ¶¶ 236-242(sic.). The Act creates a remedy, but not a cause of action, and "does not provide a means for standing or relief." *Leonor v. Heavican*, 8:21CV76, 2021 WL 2555654, at *3 (D. Neb. June 22, 2021), *aff'd*, 21-2661, 2021 WL 6689168 (8th Cir. Aug. 16, 2021)(quoting *Mitchell v. Dakota Cty. Soc. Servs.*, 959 F.3d 887, 897 n. 2 (8th Cir. 2020).

To state a claim for relief under the Declaratory Judgment Act, Plaintiffs must adequately allege a dispute that is "'definite and concrete, touching the legal relations of parties having adverse legal interests,' 'real and substantial,' and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *McLeod v. Gen. Mills, Inc.*, 856 F.3d 1160, 1166 (8th Cir. 2017)(alteration in original)(quoting *Medlmmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). Importantly, the "ripeness doctrine applies to declaratory judgment actions" and although "[a] declaratory judgment action can be sustained if no injury has yet occurred … the plaintiff must face an injury that is 'certainly impending.'" *Pub. Water Supply Dist. No. 8 of Clay Cnty., Mo. v. City of Kearney, Mo.*, 401 F.3d 930, 932 (8th Cir. 2005).

As illustrated above, Plaintiffs' theory of future harm relies on an attenuated chain of possibilities and hypothetical harms of *potential* fraud and identity theft which may never occur. Plaintiffs claim for declaratory relief is not ripe and should therefore be dismissed. *See id.* at 933 ("We conclude that this case is not ripe. The District wants a declaration that the City cannot sell water to the property owners if the property they own is detached from the District. But the injury facing the District, water sales by the City to the owners of the formerly attached properties, is not 'certainly impending.'… [T]he City has promised to sell water to the property owners if their properties are detached from the District. If the properties were detached, we think … that the injury would be 'certainly impending' and the case would be ripe. The properties have not been detached, however.") (internal citations omitted).

To obtain injunctive relief, Plaintiffs must show "some substantial likelihood that past conduct alleged to be illegal will recur." *Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir.1989); *see also Butler v. Dowd*, 979 F.2d 661, 674 (8th Cir. 1992) ("A showing that unconstitutional practices

have taken place in the past is not enough. [Plaintiff] must show that such practices are likely to affect him in the future."). Importantly, "[t]o seek injunctive relief…the threat must be actual and imminent, not conjectural or hypothetical[.]" *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Moreover, the basis for injunctive relief "has always been irreparable harm and inadequacy of legal remedies." *Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986). "When money damages can adequately remedy the alleged harm, injunctive relief is inappropriate." *Eco BDT, S.A. v. Butler*, 2015 WL 5719724, at \*6 (D. Minn. Sept. 28, 2015) (citing *Packard Elevator*, 782 F.2d at 115.

As shown above, Plaintiffs allegations do not establish any threat of irreparable future harm that is not conjectural or hypothetical, or that money damages could not adequately remedy *if* those alleged future harms ever materialized. Rather, the heart of Plaintiffs' case is about recovering monetary damages. *See, e.g.*, CCAC ¶¶ 203, 208(sic.)("Plaintiffs and the Class have a right to recover actual, consequential, and nominal damages); *Id.* at ¶ 215(sic.) ("Plaintiffs and Class Members have suffered an injury and are entitled to compensatory, consequential, and punitive damages.…"); *Id.* at ¶ 235(sic.) ("Defendant should be compelled to disgorge into a common fund or constructive trust…proceeds that it unjustly received[.]"). Accordingly, Plaintiffs' request for injunctive relief is inappropriate and should be dismissed.

## III.    CONCLUSION

For the foregoing reasons, Defendant, M.A. Ford, respectfully requests that this Court dismiss Plaintiffs' Consolidated Class Action Complaint for (1) failure to allege an injury-in-fact sufficient to establish Article III standing and (2) failure to allege any cause of action upon which relief can be granted.

Dated: November 25, 2024

Respectfully submitted,


    /s/ Rubina S. Khaleel
Rubina S. Khaleel # AT0010806
Hennessy & Roach, P.C.
14301 FNB Pkwy, Suite 308
Omaha, NE  68154
Telephone:  402-933-8851
Fax:  402-933-9379
Email: rkhaleel@hennessyroach.com

and

Helen L. Fitzpatrick
Jonathan D. Tobin
CIPRIANI & WERNER, PC
450 Sentry Parkway, Suite 200
Blue Bell, PA  19422
Telephone: 610-567-0700
Fax: 610-567-0712
nfitzpatrick@c-wlaw.com
jtobin@c-wlaw.com

## CERTIFICATE OF SERVICE

    This is to certify that I have this day served a true and correct copy of the within and foregoing Defendant M.A. Ford Mfg. Co., Inc. dba M.A. Ford Manufacturing Company, Inc., An Iowa Corporation's Motion to Dismiss and Brief In Support Of Its Motion To Dismiss Plaintiffs' Consolidated Class Action Complaint Pursuant To Fed. R. Civ. Pro. 12(B)(1) And 12(B)(6) by the Court's ECF Notification to all counsel of record and upon the below counsel with *pro hac vice forthcoming* this 25th day of November 2024:

Bryan L. Bleichner*
Philip J. Krzeski*
**CHESTNUT CAMBRONNE PA**
100 Washington Ave., Ste. 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
Facsimile: (612) 336-2940
bbleiclmer@chestnutcambronne.com
pkrzeski@ chestnutcambronne.com

Lynn A. Toops*
Amina A. Thomas**
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

Jarrett L. Ellzey*
Texas Bar No. 24040864
jarrett@ellzcylaw.com
Texas Bar No. 24052214
Alexander G. Kykta*
Texas Bar No. 24107841
alex@ellzeylaw.com
**ELLZEY & ASSOCIATES, PLLC**
1105 Milford Street
Houston, Texas 77006
Phone: (888) 350-3931
Fax: (888) 276-3455

J. Gerard Stranch, IV*
Andrew E. Mize*
STRANCH, JENNINGS & GARVEY,
PLLC The Freedom Center
223 Rosa L. Parks A venue, Suite 200
Nashville, Tennessee 37203 (615) 254-8801
(615) 255-5419 (facsimile)
gstranch@stranchlaw.com
arnize@strancblaw.com

***ATTORNEYS FOR PLAINTIFF***
*(\* denotes **pro hac vice** forthcoming)*
   */s/ Rubina S. Khaleel*
Rubina S. Khaleel # AT0010806
Hennessy & Roach, P.C.
14301 FNB Pkwy, Suite 308
Omaha, NE  68154
Telephone:  402-933-8851
Fax:  402-933-9379
Email: rkhaleel@hennessyroach.com