UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA EASTERN DIVISION

| | |
|---|---|
| TIMOTHY HARTER and KEVIN HAYS, on behalf of themselves and all others similarly situated;<br><br>*Plaintiffs,*<br><br>v.<br><br>M. A. FORD MFG. CO., INC. dba M.A. FORD MANUFACTURING COMPANY, INC., an Iowa Corporation,<br><br>*Defendant.* | Case No.: 3:24-cv-00056-SMR-SBJ<br><br><br>**REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

Defendant, M.A. Ford Mfg. Co., Inc. dba M.A. Ford Manufacturing Company, Inc., an Iowa Corporation (hereinafter referred to as "M.A. Ford" or "Defendant"), by and through undersigned counsel, hereby submits this Reply in further support of its Motion to Dismiss Plaintiff's Consolidated Class Action Complaint ("CCAC")[1].

I.   **Plaintiffs Have Failed to Demonstrate Standing**

Plaintiffs contend that they have suffered imminent and impending injury arising from the exacerbated risk of fraud, identity theft, and misuse of their Private Information, and have taken concrete steps to monitor their credit. Opp. at 8. However, "[t]he question here is *whether the complaint adequately alleges* that plaintiffs face a 'certainly impending' or 'substantial risk' of identity theft as a result of the data breaches purportedly caused by defendants' deficient security practices." *In re SuperValu, Inc.*, 870 F.3d 763, 769 (8th Cir. 2017) (emphasis added). Plaintiffs' CCAC does not.[2]

Neither Plaintiff alleges that they spent money as a result of the security incident. "Their failure to unambiguously allege any out-of-pocket expenses casts doubt on whether they have met their burden of plausibly stating the existence of a substantial risk of future injury; presumably, a person who genuinely perceives such risk already would have incurred *some* out-of-pocket cost to

---

[1] M.A. Ford incorporates all arguments set forth in its Motion to Dismiss by reference. To the extent that any such argument is not addressed in this Reply, M.A. Ford asserts that such argument has not been waived.

[2] Notably, Plaintiffs insist that M.A. Ford "has not and cannot meet its burden of showing that Plaintiffs lack standing[.]" Opp. at 3. As Plaintiffs have asserted jurisdiction, the burden of demonstrating standing is theirs alone. *See TransUnion*, 594 U.S. at 430-31 (2021) (citations omitted).

1

ameliorate it." *Tiffany Harris, et al .v Mercy Health Network, Inc. d/b/a Mercyone Clinics, et al,* No. 4:23-CV-00195-SHL-SBJ, 2024 WL 5055556, at *5 (S.D. Iowa June 26, 2024) (emphasis in original).

In addition, Plaintiff Harter's flimsy allegation that he "has already noticed several unauthorized entries onto his accounts and has been forced to continue to monitor them for additional misuse" (CCAC ¶ 52) is insufficient because this allegation lacks any specificity, including *what* is meant by "unauthorized entries," *when* such "entries" occurred in relation to the security incident, and what is meant by the vague and overly broad term "accounts[3]," and is therefore not fairly traceable to the breach. Importantly, by relying on the "Notice of Data Breach Letter," Plaintiffs have not alleged that any financial information was stolen, instead, only that names and Social Security Numbers were accessed. CCAC ¶¶ 1,5. Plaintiffs have not established any relationship between a name and Social Security number to the deliberately vague "accounts" referenced in the CCAC. Thus, the allegations in the CCAC do not support an inference that their personal information was *stolen*. *See Greenstein v. Noblr Reciprocal Exch.*, No. 22-17023, 2024 WL 3886977, at *2 (9th Cir. Aug. 21, 2024 ("Plaintiffs have not sufficiently alleged that their personal information was actually stolen, they cannot rely on the increased risk such a theft might have posed had it occurred."); *DiPierro v. Fla. Health Scis. Ctr., Inc.*, No. 8:23-CV-01864-KKM-NHA, 2024 WL 3051320, at *11 (M.D. Fla. June 18, 2024) ("But even if 'some' of [plaintiff's] information was accessed as alleged, he does not claim that any banking or other financial information related to the fraudulent claims on his bank account was stolen. That omission is notable."). Ultimately, Plaintiffs' "claims of a substantial risk of future injury due to [M.A. Ford's] data breach are either conclusory or speculative." *Pulliam v. W. Tech. Grp., LLC*, No. 8:23-CV-159, 2024 WL 356777, at *7 (D. Neb. Jan. 19, 2024). "Therefore, Plaintiffs' allegation of future injury is insufficient to confer standing because they have failed to plausibly allege that identity theft or fraud is certainly impending or [that] there is a substantial risk that the harm will occur." *Id*. at *7 (internal quotation marks and citation omitted) (alteration in original).

As for traceability, "[Harter] has not pleaded facts plausibly alleging (nor introduced evidence establishing) that the [unauthorized entries onto his account] are 'fairly traceable' to [M.A. Ford's] data breach. *DiPierro*, 2024 WL 3051320, at *10.

---

[3] "Accounts" could mean anything - bank accounts, crypto accounts, PayPal accounts, email accounts, social media accounts, gym accounts, store accounts, etc.

Regarding Plaintiffs alleged mitigation efforts, diminished value, loss of benefit of the bargain, emotional distress, and loss of privacy theories, "[b]ecause Plaintiffs have not established a sufficient risk of future harm, their argument that they have alleged separate concrete harms stemming from that risk also fails. Only when the risk of future harm is not speculative can the cost of mitigation efforts form a basis for standing." *Greenstein*, 2024 WL 3886977, at *3; *see Pulliam*, 2024 WL 356777, at *1 (finding that plaintiffs lack standing because they have not suffered any injury in fact despite alleging that cybercriminals accessed personally identifiable information including, but not limited to names and Social Security Number.).

II. **Plaintiffs fail to sufficiently allege each of their claims**

Plaintiffs mistakenly believe the economic loss doctrine "cannot apply unless there is a written contract at issue between the parties." Opp. at 20. "The economic loss doctrine generally bars recovery in tort for losses relating to a party's disappointed expectations, but tort claims remain available in circumstances where the loss involves a safety hazard or sudden danger that results in personal injury or harm to property other than the subject of the contract. *S. Ins. Co. Lowenberg v. CJG Enterprises, Inc*., No. 315CV00131RGESBJ, 2017 WL 3449610, at *4 (S.D. Iowa May 12, 2017). As Plaintiffs do not allege a breach of express contract, their claims, which they categorize as a "danger" instead of "disappointment," sound in tort.

Plaintiffs here further allege that their breach of implied contract claim saves the day by erroneously asserting that "Defendant fails to identify a case holding that the economic loss rule bars tort claims when plaintiff alleges an implied contract—because none exist." Opp. at 22. This is incorrect. Plaintiffs attempt to evade the decision in *Mohsen v. Veridian Credit Union*, 733 F. Supp. 3d 754 (N.D. Iowa 2024) by claiming that "*Mohsen* never confronted this issue" because "it applied the economic lass doctrine without analyzing whether an express contract existed between the parties, an error this Court should decline to repeat." Opp. at 22. This is disingenuous as the plaintiffs in *Mohsen* pled breach of implied contract, as they do here, not breach of (express) contract, and the trial court properly concluded that the damages asserted were economic losses. *Mohsen*, 733 F. Supp. 3d at 767. Thus, the economic loss doctrine bars Plaintiffs recovery, as does the fact that the CCAC fails to establish any legally cognizable damages, as more fully set forth in the Motion to Dismiss.

Regarding Plaintiffs' breach of implied contract theory, this Court recently found that to successfully bring a breach of implied contract claim, alleged victims of a data breach "must allege

3

that the defendant promised to protect the specific piece of data the plaintiffs assert was accessed" and "allege something beyond a mere implicit promise to protect it from unauthorized use or comply with data security laws." *Harris*, 2024 WL 5055556, at *11 (citations omitted). "The 'implied promise that because data was hacked [the defendant]'s protections must have been inadequate' cannot survive a motion under Fed. R. Civ. P. 12(b)(6)." *Id*. (citing Fed. R. Civ. P. 12(b)(6))(alteration in original). So too here.

While arguing unjust enrichment claims, Plaintiffs forget that in *Mohsen* it was alleged that the "plaintiff conferred benefits upon [defendant] in the form of **payments for financial services**, as well as providing their PII…." *Mohsen*, 733 F. Supp. 3d at 769 (emphasis added). Not so here, where Plaintiffs do not dispute that they were paid for their labor. Thus, *Mohsen* is distinguishable, and Plaintiffs' claim here too fails. *See also Harris*, 2024 WL 5055556, at *12 ("Because Plaintiffs have not alleged that a specific portion of their payments funded data security, they have not alleged the conferral of a benefit on [M.A. Ford] in exchange for protection of their Private Information, much less stated how [M.A. Ford's] retention of any such 'benefit' would be inequitable."); *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 912 (8th Cir. 2016).

Lastly, Plaintiffs arguments regarding their claim for declaratory and injunctive relief holds no water and M.A. Ford reminds the court that although Plaintiffs claim that "[n]othing can undo the concrete harms already caused by Plaintiffs' sensitive data falling into criminal hands" (Opp. at 33), Plaintiffs have failed to allege they suffered any concrete harms, let alone any harm traceable to the M.A. Ford incident.

### III.   Conclusion

For all the reasons set for herein, and as further detailed in its Motion to Dismiss, M.A. Ford respectfully requests that this Honorable Court grant its Motion to Dismiss.

Dated: January 3, 2025

          */s/ Rubina S. Khaleel*
Rubina S. Khaleel # AT0010806
Hennessy & Roach, P.C.
14301 FNB Pkwy, Suite 308
Omaha, NE  68154
Telephone:  402-933-8851
Fax:  402-933-9379
Email: rkhaleel@hennessyroach.com

and

4

Helen L. Fitzpatrick, *pro hac vice*  
Jonathan D. Tobin, *pro hac vice*  
CIPRIANI & WERNER, PC  
450 Sentry Parkway, Suite 200  
Blue Bell, PA  19422  
Telephone: 610-567-0700  
Fax: 610-567-0712  
nfitzpatrick@c-wlaw.com  
jtobin@c-wlaw.com  

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the within and foregoing Defendant M.A. Ford Mfg. Co., Inc. dba M.A. Ford Manufacturing Company, Inc., An Iowa Corporation's *Reply in Further Support of Defendant's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint* Pursuant To Fed. R. Civ. Pro. 12(B)(1) And 12(B)(6) by the Court's ECF Notification to all counsel of record and upon the below counsel with *pro hac vice forthcoming* this 3rd day of January 2025:

| | |
|---|---|
| Bryan L. Bleichner* <br> Philip J. Krzeski* <br> **CHESTNUT CAMBRONNE PA** <br> 100 Washington Ave., Ste. 1700 <br> Minneapolis, MN 55401 <br> Telephone: (612) 339-7300 <br> Facsimile: (612) 336-2940 <br> bbleiclmer@chestnutcambronne.com <br> pkrzeski@chestnutcambronne.com | Jarrett L. Ellzey* <br> Texas Bar No. 24040864 <br> jarrett@ellzcylaw.com <br> Texas Bar No. 24052214 <br> Alexander G. Kykta* <br> Texas Bar No. 24107841 <br> alex@ellzeylaw.com <br> **ELLZEY & ASSOCIATES, PLLC** <br> 1105 Milford Street <br> Houston, Texas 77006 <br> Phone: (888) 350-3931 <br> Fax: (888) 276-3455 |
| Lynn A. Toops* <br> Amina A. Thomas** <br> COHEN & MALAD, LLP <br> One Indiana Square, Suite 1400 <br> Indianapolis, Indiana 46204 <br> (317) 636-6481 <br> ltoops@cohenandmalad.com <br> athomas@cohenandmalad.com | J. Gerard Stranch, IV* <br> Andrew E. Mize* <br> STRANCH, JENNINGS & GARVEY, PLLC The Freedom Center <br> 223 Rosa L. Parks A venue, Suite 200 <br> Nashville, Tennessee 37203 <br> (615) 254-8801 <br> (615) 255-5419 (facsimile) <br> gstranch@stranchlaw.com <br> arnize@strancblaw.com |

*(\* denotes **pro hac vice** forthcoming)*  
*ATTORNEYS FOR PLAINTIFF*

   /s/ Rubina S. Khaleel   