**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| TIMOTHY HARTER and KEVIN HAYS, on behalf of themselves and all others similarly situated;<br><br>*Plaintiffs*,<br><br>v.<br><br>M. A. FORD MFG. CO., INC. dba M.A. FORD MANUFACTURING COMPANY, INC., an Iowa Corporation,<br><br>*Defendant*. | Case No.: 3:24-cv-00056-SMR-SBJ |

**<u>PRELIMINARY APPROVAL ORDER</u>**

Plaintiffs Timothy Harter and Kevin Hays along with Defendant M.A. Ford Manufacturing Company, Inc. (together, "the Parties"), have entered into a proposed Class Action Settlement Agreement (the "Agreement"). Plaintiffs have moved the Court to grant preliminary approval to the Agreement under Federal Rule of Civil Procedure 23(e), to approve the form and method for giving notice of the proposed settlement to the Settlement Class, and to schedule a final approval hearing on the Agreement after the deadlines to object to, or opt out of, the Agreement have passed. Defendant does not oppose the motion.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.      Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Agreement.

2.      This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Parties.

3.      The Court finds that the Court will likely be able to certify the proposed Settlement Class for purposes of entry of judgment, defined as:

> All individuals who received notice from M.A. Ford that their information may have been compromised as a result of the December 2023 Data Security Incident at M.A. Ford.

4. Specifically, the Court finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) appear to be met:

   a. The class is so numerous that joinder of all members is impracticable, as there are thousands of Class Members;

   b. There are questions of law or fact common to the class based upon the claims raised in the lawsuit relating to the Data Security Incident that predominate over questions affecting only individual members, such as whether Defendant breached any duty in failing to protect Class Members' data from unauthorized access;

   c. The claims of the Class Representatives are typical of the claims of the Settlement Class as they arise from the Data Security Incident;

   d. The Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to the Settlement Class and Class Counsel are experienced in complex class action litigation; and

   e. Questions of law or fact common to the Class Members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating this lawsuit, as the same issues relating to duty and breach in relation to the Data Security Incident are substantially the same for all Class Members.

5. The Court finds that Plaintiffs are adequate Class Representatives and appoints them as such. The Court likewise finds that Lynn A. Toops of Cohen & Malad, LLP; Raina C. Borrelli of Strauss Borrelli PLLC, Leigh S. Montgomery of Ellzey Kherkher Sanford Montgomery, LLP, and J. Gerard Stranch, IV, of Stranch, Jennings & Garvey, PLLC are competent and appoints them as Class Counsel.

6. The Court finds that the terms of the Agreement are within the range of a fair, reasonable, and adequate compromise under the circumstances of this case. Specifically, the Court finds that:

      (A) the Class Representatives and Class Counsel have adequately represented the Settlement Class;
      (B) the proposal was negotiated at arm's length;
      (C) the relief provided for the Settlement Class appears adequate, taking into account:
          (i) the costs, risks, and delay of trial and appeal;
          (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing Class Member claims;
          (iii) the terms of the proposed award of attorney's fees, including timing of payment; and
          (iv) any agreement required to be identified under Rule 23(e)(3) (the Parties have identified none); and
      (D) the proposal treats Class Members equitably relative to each other.

7.     The Court therefore preliminarily approves the Agreement and directs the Parties to the Agreement to perform and satisfy the terms and conditions that are triggered by such preliminary approval.

8.     The Court likewise approves the form and method of notice provided for in the Agreement and finds that it complies with the applicable rules and the requirements of the Due Process Clause of the United States and Iowa Constitutions ("Due Process"). Specifically, the Court finds that the form and method of notice (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, the terms of the proposed settlement, and their rights under the proposed settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all members of the Settlement Class and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of Due Process. The Court further finds that the Notice provided for in the Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by the Settlement Class.

9. The Court appoints Simpluris, Inc., as Settlement Administrator and orders the Settlement Administrator and the Parties to implement the notice program set forth in the Settlement.

10. A final approval hearing (the "Final Approval Hearing") shall be held before the undersigned at _____ o'clock, on _____, 2026, at the U.S. District Courthouse, 131 East 4th Street, Davenport, Iowa, 5280, or via video or teleconference, for the purpose of: (a) determining whether the Settlement Class should be finally certified for entry of judgment on the Agreement; (b) determining whether the Agreement is fair, reasonable, and adequate and should be finally approved; (c) determining whether a Final Approval Order should be entered; and (d) considering Class Counsel's application for an award of attorneys' fees and expenses. The Court may adjourn, continue, and reconvene the Final Approval Hearing pursuant to oral announcement without further notice to the Settlement Class, and the Court may consider and grant final approval of the Agreement, with or without minor modification and without further notice to the Settlement Class.

11. Members of the Settlement Class shall be afforded an opportunity to request exclusion from the Settlement Class. A request for exclusion from the Settlement Class must comply with the requirements for form and timing set forth in the Detailed Notice included in the Agreement. Members of the Settlement Class who submit a timely and valid request for exclusion shall not participate in and shall not be bound by the Agreement. Members of the Settlement Class who do not timely and validly opt out of the Settlement Class in accordance with the Detailed Notice shall be bound by all determinations and judgments in the action concerning the Agreement.

12. Class Members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Agreement. Any objection must comply with the requirements for form and timing set forth in the Detailed Notice included in the Agreement.

13. Any Class Member who does not make his or her objection known in the manner provided in the Detailed Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement.

14. Any request for intervention in this action for purposes of commenting on or objecting to the Agreement must meet the requirements set forth above, including the deadline for filing objections, and also must be accompanied by any evidence, briefs, motions, or other materials the proposed intervenor intends to offer in support of the request for intervention.

15. Any lawyer intending to appear at the Final Approval Hearing must be authorized to represent a Class Member, must be duly admitted to practice law before this Court, and must file a written appearance. Copies of the appearance must be served on Class Counsel and counsel for Defendant.

16. Class Counsel shall file a motion for approval of the attorneys' fees, expenses, and service awards to be paid from the Settlement Fund, along with any supporting materials, on the deadline provided in the Agreement.

17. If the Agreement does not become effective or is rescinded pursuant to the Agreement, the Agreement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Class Representatives and Defendant, and all Orders issued pursuant to the Agreement shall be vacated.

18. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Agreement.

**SO ORDERED.**

Dated: _____

                                            Hon. Stephanie M. Rose, Chief District Judge
                                            United States District Court
                                            Southern District of Iowa