**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| TIMOTHY HARTER and KEVIN HAYS, on behalf of themselves and all others similarly situated; <br><br> *Plaintiffs*, <br><br> v. <br><br> M. A. FORD MFG. CO., INC. dba M.A. FORD MANUFACTURING COMPANY, INC., an Iowa Corporation, <br><br> *Defendant*. | Case No.: 3:24-cv-00056-SMR-SBJ |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION**
**FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

The Court should grant final approval to the proposed class action Settlement Agreement and Release (the "Settlement"), Dkt. No. 51-2. In preliminarily approving the Settlement, the Court found that the Settlement appeared "fair, reasonable, and adequate," and that the requirements for class certification were met. Preliminary Approval Order, Dkt. 52, at 10. No facts relating to class certification have changed since then, and the response to the Court-approved notice of the Settlement confirms the Court's preliminary conclusion that the Settlement is fair, reasonable, and adequate: no Settlement Class Member or regulator objected, and no Settlement Class Member opted out. Declaration of Christopher Leung of Settlement Administrator Simpluris, Inc. in Support of Final Approval of Settlement ("Leung Decl.") ¶¶ 14–17. Final approval is therefore warranted so Settlement Class Members may receive the Settlement's benefits, and this litigation can be concluded.

**FACTS AND PROCEDURAL HISTORY**

I.    **Plaintiffs sue Defendant for allegedly failing to take adequate security measures, which led to a data breach that potentially exposed thousands of people's private information.**

In December 2023, cybercriminals gained access to Defendant's network systems, possibly accessing the personally identifiable information ("PII") of certain of Defendant's current or former employees. Declaration of Class Counsel in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Class Counsel Decl.") ¶ 2, Dkt. No. 51-3. On May 31, 2024, Defendant notified Class Members and the Office of the Maine Attorney General that 4,359 current and former employees' PII may have been accessed by unauthorized third-parties. *Id.*

On July 8, 2024, Plaintiff Timothy Harter filed his Class Action Complaint alleging that Defendant was on notice of the risk of a data security incident and that, despite this knowledge and understanding, it failed to prevent the attack. *Id.* ¶ 3. On July 11, 2024, Plaintiff Kevin Hays filed a separate Class Action Complaint relating to the data breach. *Id.* The plaintiffs subsequently filed a consolidated complaint. Dkt. No. 12. Defendant then moved to dismiss. Dkt. No. 25.

II.   **The parties exchange information and mediate a proposed settlement that provides benefits including credit monitoring, cash payments, and data security improvements.**

Instead of increasing litigation costs, the parties agreed to attend mediation to explore a resolution of the case prior to fully briefing Defendant's motion to dismiss. Dkt. No. 28. Defendant provided informal discovery to facilitate discussions, and on August 26, 2025, the parties engaged in a mediation conducted by mediator Jill Sperber. Class Counsel Decl. ¶¶ 4–5. After a full-day mediation and hard-fought negotiations, aided by Ms. Sperber, the parties reached a resolution. Over the following weeks, the parties diligently drafted, negotiated, and finalized the Settlement. Decl. ¶ 6.

Under the terms of the Settlement, Defendant paid $425,000 into non-reversionary Settlement Fund to provide the following benefits:

- Settlement Class Members could claim three years of three-bureau credit monitoring with three years of identity restoration services

- Settlement Class Members could claim up to $500 per person for ordinary documented Out-of-Pocket Losses or up to $5000 per person for extraordinary documented Out-of-Pocket Losses

- Settlement Class Members could claim up to $125 for Lost Time

- Settlement Class Members will automatically receive a pro rata cash payment from the Net Settlement Fund without the need to submit any claim (estimated to be over $60)

Settlement ¶¶ 2.1–5.1, Dkt. No. 51-2.

**III.    The Court grants preliminary approval to the proposed Settlement, certifying the Settlement Class and finding the Settlement to be fair, reasonable, and adequate on a preliminary basis.**

On January 23, 2026, the Court granted preliminary approval to the proposed Settlement. Dkt. No. 52. In doing so, the Court certified the Settlement Class, after rigorously analyzing the certification requirements under Rules 23(a) and (b)(3). *Id.* at 2–5. The Court also reviewed the relevant approval requirements under Rule 23(e)(2) and the common-law factors utilized in the Eighth Circuit. *Id.* at 5–10. The Court found that the Settlement "is fair, reasonable, and adequate." *Id.* at 10. The Court approved proposed forms of notice and ordered notice to the Settlement Class. *Id.* at 10–15.

**IV.    After notice, no Settlement Class Members or regulators object to the Settlement.**

On January 28, 2026, the Settlement Administrator sent notice of the proposed Settlement to the Attorneys General of every U.S. state and territory and to the U.S. Attorney General, as

required under the Class Action Fairness Act, 28 U.S.C. § 1715. Leung Decl. ¶ 4. No official has filed any objection to the Settlement.

On February 20, 2026, the Settlement Administrator mailed postcard notice to the 4,125 Settlement Class Members with valid mailing addresses. *Id.* ¶ 6. The Settlement Administrator estimates that the notice reached 87.6% of the Settlement Class Members, *id.* ¶ 8, which is within the 70-95% reach rate considered acceptable. Federal Judicial Center, *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010), available at https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf. Class Members had until March 23, 2026, to object to or opt out of the Settlement. Leung Decl. ¶¶ 14–17. No Class Member objected or opted out. *Id.*

Numerous Class Members submitted claims for credit monitoring, lost time, and the pro rata cash payment. *Id.* ¶¶ 12–13. The Settlement Administrator estimates that the pro rata cash payment to be sent to all Settlement Class Members will be over $60. *Id.* ¶ 13.e.

## ARGUMENT

I.     **The Court should grant final approval because class certification remains appropriate and the Settlement is a fundamentally fair, reasonable, and adequate compromise to which no Class Member or regulator objects.**

Since the Court's original certification of the Settlement Class, no facts relevant to class certification have changed, and the response of Settlement Class Members and regulators to the proposed Settlement confirms this Court's initial assessment that the Settlement is "fair, reasonable, and adequate." The Court should therefore grant final approval and reaffirm certification of the Settlement Class for purposes of entering judgment on the Settlement so that this litigation can be resolved and the Settlement Class Members can receive the benefits of the Settlement.

A.    **Class certification remains appropriate for purposes of entering judgment on the Settlement.**

The Court previously certified the Settlement Class under Rules 23(a) and (b)(3), which require that the proposed class satisfy what are commonly referred to as the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements. Those elements remain met for final approval purposes as no relevant facts have changed, as briefly reiterated below.

*Numerosity.* The numerosity requirement is easily met because joinder of the over 4,000 Settlement Class Members is obviously impracticable. *See, e.g.*, *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir.1982) (affirming finding of numerosity of a class of 74 persons); Leung Decl. ¶ 5.

*Commonality.* The commonality requirement is satisfied because all class members' claims arise from the same data security incident and Defendant's alleged failure to implement adequate cybersecurity measures, leading to common questions such as whether Defendant owed a duty to safeguard private information and whether Defendant breached that duty. *See, e.g.*, *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1054 (S.D. Tex. 2012) ("The common factual question in this case is what actions Heartland took before, during, and after the data breach to safeguard the Consumer Plaintiffs' financial information.").

*Typicality.* The typicality requirement is satisfied because the Plaintiffs are victims of the same data incident as the Settlement Class Members and therefore "have the same or similar grievances" as the Settlement Class Members. *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977).

*Adequacy.* The adequacy requirement is satisfied because the Plaintiffs adequately represent the Settlement Class Members, as they have no conflicts of interest with other Settlement

Class Members, are subject to no unique defenses, and they and their counsel have vigorously prosecuted this case on behalf of the Settlement Class. Class Counsel Decl. ¶¶ 20–34, 43.

*Predominance.* The predominance requirement is satisfied because all class members' claims arise from the same data security incident and Defendant's alleged failure to implement adequate cybersecurity measures, leading to common questions making up the bulk of the relevant issues in the case. *See, e.g.*, *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d at 1054.

*Superiority.* The superiority requirement is satisfied because deciding the liability and relief relating to the data incident in one proceeding is superior to multiple litigations and is the only economically feasible way for individuals to access the courts on smaller value claims.

Thus, as the Court previously found, class certification is appropriate.

**B.    The reaction of the Class Members and regulators confirms the Court's preliminary conclusion that the Settlement is fair, reasonable, and adequate and that the Court should grant final approval.**

Since the 2018 Amendment to Rule 23, preliminary approval has taken on a heightened role, and final approval has been refocused largely on the Class Members' response to the notice of the proposed Settlement and on any objections from Class Members or regulators. Fed. R. Civ. P. 23(e)(1) & advisory committee's note to 2018 amendment ("The decision to give notice of a proposed settlement to the class is an important event. It should be based on a solid record supporting the conclusion that the proposed settlement will likely earn final approval after notice and an opportunity to object."). This is because to grant preliminary approval, the Court was required to satisfy itself that it "would likely be able to" grant final approval to the Settlement as fair, reasonable, and adequate, and to ultimately certify the Settlement Class for judgment on the Settlement. *Id.* Because of this, on preliminary approval "the proponents of the settlement should ordinarily provide the court with all available materials they intend to submit to support [final]

6

approval under Rule 23(e)(2)." Fed. R. Civ. P. 23(e)(1) advisory committee's note to 2018 amendment. Plaintiffs did so in this case, and the Court thoroughly analyzed the fairness of the Settlement and the class certification requirements, finding them to be satisfied. Preliminary Approval Order, Dkt. No. 52. The response of regulators and the Settlement Class Members now confirms the Court's preliminary conclusion, as no person has objected to or even opted out of the Settlement. Leung Decl. ¶¶ 14–17.

As discussed by the Court in the Preliminary Approval Order, Rule 23(e)(2) identifies four factors for evaluating a proposed settlement, looking at whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Courts in this circuit also consider: "(1) the merits of the plaintiff's case weighed against the terms of the settlement, (2) the defendant's financial condition, (3) the complexity and expense of further litigation, and (4) the amount of opposition to the settlement." *Marshall v. Nat'l Football League*, 787 F.3d 502, 508 (8th Cir. 2015) (citation omitted). Settlement agreements enjoy a strong presumption of fairness. *Petrovic v. AMOCO Oil Co.*, 200 F.3d 1140, 1148 (8th Cir. 1999). As the

Court previously found on a preliminary basis, each of these factors supports approval of the Settlement.

*Adequate Representation.* The Class Representatives and Class Counsel have adequately represented the class. Class Counsel Decl. ¶¶ 20–34, 43. The Class Representatives actively participated in the litigation, maintaining communication with counsel and providing information and documents. *Id.* Their interests align with the Class. Likewise, Class Counsel have substantial experience in complex class action litigation, particularly data breach cases. *Id.* Counsel investigated the claims before negotiating settlement terms, including analyzing informal discovery and examining the relevant legal issues. *Id.* The parties then participated in a full-day mediation with an experienced mediator. This preparation and experience support a finding of adequate representation.

*Arm's-Length Negotiation.* The settlement resulted from arm's-length negotiations between experienced counsel. The parties conducted informal discovery before negotiating settlement terms. Counsel exchanged documents and information regarding the incident, the Class composition, the compromised data, and Defendant's remedial measures. This discovery positioned Counsel to assess the strengths and weaknesses of the claims and defenses. The parties negotiated substantive terms before discussing attorney's fees and service awards—a sequence that reduces concern about conflicts of interest. The Settlement was the product of a mediation overseen by a third-party neutral, and nothing suggests collusion.

*Adequate Relief, Taking Into Account Costs, Risks, and Delay.* Data breach litigation presents substantial risks and complexities. Class certification is uncertain, particularly in data breach cases where courts have denied certification based on predominance concerns or individualized damages issues. *See In re Wawa, Inc. Data Sec. Litig.*, No. 19-6019, 2023 WL

6690705, at *9 (E.D. Pa. Oct. 12, 2023) ("class certification is rare" in data breach cases) (citation omitted); *S. Indep. Bank v. Fred's, Inc.*, No. 2:15-CV-799-WKW, 2019 WL 1179396, at *19 (M.D. Ala. Mar. 13, 2019) (denying certification due to individualized causation issues); *McGlenn v. Driveline Retail Merch., Inc.*, No. 18-cv-2097, 2021 WL 165121, at *10–11 (C.D. Ill. Jan. 19, 2021) (same). Summary judgment presents additional risks, and even if Plaintiffs survived those challenges, trial would require substantial expense, including expert witness fees. An appeal would likely follow regardless of the trial outcome, further delaying any recovery and adding uncertainty. On the other hand, the Settlement provides immediate, certain relief, providing the opportunity to claim credit monitoring and payments for lost time and losses, or receive an automatic pro rata share, in addition to requiring data security enhancements. This supports final approval.

*Adequate Relief Taking Into Account Distribution of Relief.* Under the Settlement, all Settlement Class Members are entitled to claim benefits, and the *pro rata* cash payment provides relief to Settlement Class Members without documented losses or the need to make a claim. The distribution method is both effective and appropriate, and no amounts revert to Defendant.

*Adequate Relief Taking Into Account Attorneys' Fees.* Class Counsel has sought fees and expenses of one-third of the Settlement Fund, which is a typical fee awarded in this Circuit. *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 866 (8th Cir. 2017) (affirming one-third fee); *Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017) (same); *Barfield v. Sho-Me Power Elec. Co-op.*, No. 2:11-cv-4321, 2015 WL 3460346, at *4 (W.D. Mo. June 1, 2015) (awarding one-third fee and collecting cases awarding one-third fees).

*Adequate Relief Taking Into Account Any Separate Agreements.* There are no separate agreements required to be identified under Rule 23(e)(3).

*Equitable Treatment.* The settlement treats Settlement Class Members equitably by making all of them eligible to submit claims for the same benefits. Settlement Class Members who suffered documented losses could claim compensation, while those who prefer not to document losses or who incurred no documented losses will still be sent a *pro rata* cash payment. All Settlement Class Members could also claim credit monitoring and will benefit from the data security enhancements. This structure accounts for different circumstances among Settlement Class Members while ensuring equitable treatment without arbitrary distinctions.

*Merits Weighed Against The Terms Of The Settlement.* As discussed above, Plaintiffs' claims face substantial litigation risks. Data breach plaintiffs must overcome significant hurdles. *See, e.g.*, *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 293 F.R.D. 21, 31–33 (D. Me. 2013) (denying certification due to individualized causation); *In re TJX Cos. Retail Sec. Breach Litig.*, 246 F.R.D. 389, 397–98 (D. Mass. 2007) (same). Meanwhile, as discussed, the Settlement provides meaningful, guaranteed benefits that weigh favorably against these risks.

*Complexity and Expense.* Continued litigation would require substantial time and expense. The parties would face contested class certification, extensive merits discovery, expert reports, summary judgment briefing, trial, and likely appeal. Data breach cases involve complex technical and legal issues. The settlement avoids these burdens while delivering meaningful relief.

*Defendant's Financial Condition.* Defendant's financial condition was not given as a reason for decreasing the amount provided in Settlement, so this factor is neutral. *Marshall v. Nat'l Football League*, 787 F.3d 502, 512 (8th Cir. 2015) (fact that the NFL could afford to pay more was only "neutral").

*Opposition.* Perhaps the strongest factor supporting final approval is the fact that no Class Member has objected to or opted out of the Settlement, nor has any regulator raised any concerns.

"Without any class objection, this factor strongly supports settlement approval." *Zilhaver v. UnitedHealth Grp., Inc.*, 646 F. Supp. 2d 1075, 1080 (D. Minn. 2009); *see also  DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995) (holding that "[t]he fact that only a handful of class members objected to the settlement similarly weighs in its favor" where five class members objected out of a class of 300,000).

Thus, all of the relevant factors favor finding that the Settlement is fair, reasonable, and adequate, and that the Court should grant final approval.

## CONCLUSION

For the foregoing reasons, the Court should grant final approval to the Settlement.

Dated: June 16, 2026                              Respectfully submitted,

/s/ Amina A. Thomas
Lynn A. Toops*
Amina A. Thomas**
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com
athomas@cohenmalad.com

Jarrett L. Ellzey*
Leigh S. Montgomery*
**ELLZEY KHERKHER SANFORD
MONTGOMERY, LLP**
4200 Montrose Blvd., Ste. 200
Houston, TX 77006
Tel: (888) 350-3931
Fax: (888) 276-3455
Email: jellzey@eksm.com
Email: lmontgomery@eksm.com

J. Barton Goplerud
Brian O. Marty
**SHINDLER, ANDERSON, GOPLERUD & WEESE P.C.**
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
Tel: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

J. Gerard Stranch, IV**
Grayson Wells**
**STRANCH, JENNINGS & GARVEY PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
(615) 255-5419 (facsimile)
gstranch@stranchlaw.com
gwells@stranchlaw.com

Samuel J. Strauss**
Raina C. Borrelli**
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile : (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

*Attorneys for Plaintiffs*
* Admitted *pro hac vice*
* *Pro hac vice* motion pending

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's CM/ECF electronic filing system this 16th day of June 2026.


*/s/ Amina A. Thomas*
Amina A. Thomas