**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| TIMOTHY HARTER and KEVIN HAYS, on behalf of themselves and all others similarly situated;<br><br>  *Plaintiffs*,<br><br>   v.<br><br>M. A. FORD MFG. CO., INC. dba M.A. FORD MANUFACTURING COMPANY, INC., an Iowa Corporation,<br><br>  *Defendant*. | Case No.: 3:24-cv-00056-SMR-SBJ |

**<u>FINAL APPROVAL ORDER</u>**

Plaintiffs Timothy Harter and Kevin Hays along with Defendant M.A. Ford Manufacturing Company, Inc. (together, "the Parties"), have entered into a proposed Class Action Settlement Agreement (the "Agreement"). The Court previously granted preliminary approval to the Agreement, notice was issued to the Settlement Class, and the deadlines to opt out or object to the Agreement have now passed. Plaintiffs have moved the Court to grant final approval to the Agreement under Federal Rule of Civil Procedure 23(e). Defendant does not oppose the motion.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Agreement.

2. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Parties.

3. The Court finds that the proposed Settlement Class, defined as follows, meets the requirements for certification for purposes of entry of judgment:

All individuals who received notice from M.A. Ford that their information may have been compromised as a result of the December 2023 Data Security Incident at M.A. Ford.

4.      Specifically, the Court finds that the requirements of Rule 23(a) and 23(b)(3) are met:

 a.  The class is so numerous that joinder of all members is impracticable, as there are thousands of Class Members;

 b.  There are questions of law or fact common to the class based upon the claims raised in the lawsuit relating to the Data Security Incident that predominate over questions affecting only individual members, such as whether Defendant breached any duty in failing to protect Class Members' data from unauthorized access;

 c.  The claims of the Class Representatives are typical of the claims of the Settlement Class as they arise from the Data Security Incident;

 d.  The Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to the Settlement Class and Class Counsel are experienced in complex class action litigation; and

 e.  Questions of law or fact common to the Class Members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating this lawsuit, as the same issues relating to duty and breach in relation to the Data Security Incident are substantially the same for all Class Members.

5.      The Court therefore certifies the Settlement Class, appoints Plaintiffs as the Class Representatives, and appoints Lynn A. Toops of Cohen & Malad, LLP; Raina C. Borrelli of Strauss Borrelli PLLC, Leigh S. Montgomery of Ellzey Kherkher Sanford Montgomery, LLP, and J. Gerard Stranch, IV, of Stranch, Jennings & Garvey, PLLC as Class Counsel.

6.      The Court finds that notice of the proposed Agreement was provided to the Settlement Class and that the notice met the requirements of Rule 23 and Due Process.

7.      The Court finds that the terms of the Agreement represent a fair, reasonable, and adequate compromise under the circumstances of this case. Specifically, the Court finds that:

(A) the Class Representatives and Class Counsel have adequately represented the Settlement Class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the Settlement Class appears adequate, taking into account:
    (i) the costs, risks, and delay of trial and appeal;
    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing Class Member claims;
    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
    (iv) any agreement required to be identified under Rule 23(e)(3) (the Parties have identified none); and
(D) the proposal treats Class Members equitably relative to each other.

8. The Court therefore grants final approval of the Agreement and directs the Parties to the Agreement to perform and satisfy the terms and conditions that are triggered by such final approval. Specifically, the Court approves the plan for payment of the Net Settlement Fund.

9. Upon the occurrence of the Effective Date, the Class Representatives and the Class Members, and their respective past, present, and future heirs, beneficiaries, conservators, executors, estates, administrators, assigns, agents, accountants, financial and other advisors, and any other representatives of any of these persons and entities ("Releasing Parties"), release and forever discharge Defendant, M.A. Ford Manufacturing Company, Inc., and all of its respective past, present, and future employees, officers, directors, board members, affiliates, agents, vendors, attorneys, insurers, successors, parent companies, subsidiaries, and shareholders (the "Releasees") from all known and unknown claims, liabilities, rights, demands, suits, matters, obligations, damages, including but not limited to, consequential damages, losses or costs, liquidated damages, statutory damages, punitive damages, attorneys' fees and costs, actions or causes of action related to the Data Security Incident of every kind and description, whether known or unknown, and whether in law, in equity, for administrative relief, or otherwise, that the Releasing Persons had, have, or may have against Defendant and/or the Released Persons that were or could have been alleged in the Action, including, without limitation, any claims, actions, causes of action, demands,

damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (1) the alleged unauthorized access to, theft, exposure, or disclosure of Settlement Class Members' Personal Information; (2) the maintenance and storage of Settlement Class Members' Personal Information; (3) Defendant's information security policies and practices; (4) Defendant's notice of the Data Breach Security Incident to any Settlement Class Member; and (5) policies and procedures otherwise related to the Data Security Incident Breach (the "Released Claims").

10.     Upon the Effective Date: (a) the Agreement shall be the exclusive remedy for any and all Released Claims of the Releasing Parties; and (b) the Releasing Parties shall be permanently barred and enjoined from initiating, asserting, or prosecuting any Released Claim against the Releasees, whether on behalf of Class Representatives, any Class Member, or others, in any jurisdiction.

11.     This Order is a final judgment because it disposes of all claims against all Parties to this lawsuit.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:

Hon. Stephanie M. Rose, Chief District Judge
United States District Court
Southern District of Iowa

4