**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| TIMOTHY HARTER and KEVIN HAYS, on behalf of themselves and all others similarly situated;<br><br>*Plaintiffs*,<br><br>v.<br><br>M. A. FORD MFG. CO., INC. dba M.A. FORD MANUFACTURING COMPANY, INC., an Iowa Corporation,<br><br>*Defendant*. | Case No.: 3:24-cv-00056-SMR-SBJ |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM SUPPORTING UNOPPOSED
<u>MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>**

Plaintiffs Timothy Harter and Kevin Hays, individually and on behalf of the conditionally certified Settlement Class, by counsel, respectfully tender this supplemental memorandum in support of their Motion for Final Approval of the class action settlement with Defendant M.A. Ford Mfg. Co., Inc., d/b/a M.A. Ford Manufacturing Company, Inc. ("Defendant"). ECF No. 58. This memorandum also lends support to Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (ECF No. 54). In support, Plaintiffs state as follows:

**I.        RELEVANT BACKGROUND AND UPDATED CLAIMS INFORMATION**

On January 23, 2026, the Court granted preliminary approval to the proposed Settlement Agreement. ECF No. 52. Under the terms of the Settlement Agreement, Defendant paid $425,000 into non-reversionary Settlement Fund to provide the following benefits:

- Settlement Class Members could claim three years of three-bureau credit monitoring with three years of identity restoration services

- Settlement Class Members could claim up to $500 per person for ordinary documented Out-of-Pocket Losses or up to $5000 per person for extraordinary documented Out-of-Pocket Losses

- Settlement Class Members could claim up to $125 for Lost Time

- Settlement Class Members will automatically receive a pro rata cash payment from the Net Settlement Fund without the need to submit any claim (estimated to be over $60)

Settlement Agreement ¶¶ 2.1–5.1, ECF No. 51-2.

Following the Court's order granting preliminary approval, the Settlement Administrator, Simpluris, commenced the Notice Program.  Direct notice reached 87.6% of the Settlement Class, and no Settlement Class Member objected to the Settlement Agreement or any part of it. *See* Declaration of Christopher Leung of Simpluris, Inc. in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement, ECF No. 58-2.  As of July 14, 2026, Simpluris has received 154 Claim Form submissions.  *See* Supplemental Declaration of Christopher Leung of Simpluris, Inc. Regarding Claims (attached hereto as **Exhibit 1**).

Of the 154 Claim Form submissions, 146 are considered a Valid Claim, 6 are invalid duplicate submissions, and 2 are invalid late submissions. (**Ex. 1**, ¶ 4).  The following is the breakdown of the 146 Valid Claim Forms:

| Benefits Claimed | Count |
|---|---|
| Pro Rata Cash Payment | 68 |
| Credit Monitoring | 18 |
| Attested Time | 6 |
| Cred Monitoring and Attested Time | 2 |
| Attested Time and Pro Rata | 10 |
| Cred Monitoring and Pro Rata | 35 |
| Pro Rata, Credit Monitoring and Attested Time | 7 |

| Total | 146 |
|---|---|

(**Ex. 1**, ¶ 5).

On June 30, 2026, the Court held a fairness hearing on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 58) and Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees, Expenses, and Service Awards (ECF Nos. 54). The Court ordered Class Counsel to file a supplemental pleading providing (1) a more detailed breakdown of the 146 Valid Claims, (2) identifying an agreed upon Non-Profit Residual Recipient as contemplated by the Settlement Agreement (Settlement Agreement ¶¶ 1.27, 2.5, 5.1), and (3) providing the Court with Class Counsels' lodestar calculations.

## II.    NON-PROFIT RESIDUAL RECIPIENT

The Parties have conferred and agreed to Iowa Legal Aid[1] as the Non-Profit Residual Recipient to receive any Net Settlement Funds that remain after the distribution and reissuance of all payments from the Settlement Fund.

## III.    PLAINTIFFS' REQUESTED ATTORNEYS' FEES AND EXPENSES ARE REASONABLE

Courts use two main methods when awarding attorneys' fees in class action settlements. *In re T-Mobile Customer Data Sec. Breach Litig.*, 111 F.4th 849, 858 (8th Cir. 2024) (citing *Keil v. Lopez*, 862 F.3d 685, 700 (8th Cir. 2017)).

> One is the "lodestar" method, where the court multiplies the number of hours attorneys worked by their hourly rates to come up with a starting point, which can then be adjusted up or down depending on the circumstances of a case. The second is the percentage method, where the court awards a percentage of the fund that the attorneys helped recover. It is within the discretion of the district court to choose which method to apply.

*In re T-Mobile,* 111 F.4th at 858 (internal citations and quotations omitted).

---

[1] https://iowalegalaid.org/who-we-are/ (last accessed July 14, 2026).

In the interest of brevity and efficiency, Plaintiffs incorporate by reference their arguments in their Motion for Attorneys' Fees and Expenses and Plaintiffs' Service Awards regarding the reasonableness of their requested attorneys' fees and expenses under the "percentage of the fund method." *See, e.g.,* ECF Nos. 54, 54-1.

Additionally, if the Court analyzes Plaintiffs' requested attorneys' fees and expenses under a lodestar method, Plaintiffs' fees are reasonable because Class Counsel have spent over $187,157.13 in time on this matter to date and will accrue more time as the Settlement benefits are paid and the case is finally closed out by Simpluris. Since the combined fees and expenses requested are $141,666.67, there will be a negative lodestar multiplier by the conclusion of the case. A lodestar "multiplier of less than one ... suggests that the negotiated fee award is a reasonable and fair valuation of the services rendered to the class." *Chun–Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 854 (N.D. Cal. 2010) (requested fee award was not unreasonable when lodestar cross-check revealed a multiplier of 0.59); *see also See Mobile Emergency Hous. Corp. v. HP Inc.*, No. 5:20-CV-09157-SVK, 2025 WL 844412, at *2 (N.D. Cal. Mar. 18, 2025) ("Moreover, the negative lodestar multiplier demonstrates the reasonableness of the requested attorneys' fees.").

Class Counsel has thus far devoted 266.4 hours to the litigation through July 14, 2026, resulting in a lodestar at their normal hourly rates of $187,157.13. Specifically, each of Plaintiffs' Counsels' firms have spent the following hours and resulting lodestar in this matter:

| Law Firm | Hours | Lodestar |
|---|---|---|
| CohenMalad, LLP | 81.4 | $53,879.50 |
| Stranch, Jennings & Garvey, PLLC | 63.2 | $46,646.63 |
| Ellzey Kherkher Sanford Montgomery, LLP | 56.6 | $41,773.50 |
| Shindler, Anderson, Goplerud, & Weese, LLP | 34.2 | $22,950.00 |

| | | |
|---|---|---|
| Strauss Borrelli, PLLC | 31 | $21,907.50 |
| | | |
| **Total** | **266.4** | **$187,157.13** |

This results in a negative lodestar multiplier.  As demonstrated by the actual time and expense spent by Class Counsel on this case, Class Counsel's requested fees are reasonable, based upon a negative lodestar multiplier.

## CONCLUSION

For these reasons, the Court should grant Plaintiffs' motion and order the parties to distribute the class benefits.

Dated: July 14, 2026

Respectfully submitted,

/s/ Amina A. Thomas
Lynn A. Toops*
Amina A. Thomas*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com
athomas@cohenmalad.com

Jarrett L. Ellzey*
Leigh S. Montgomery*
**ELLZEY KHERKHER SANFORD**
**MONTGOMERY, LLP**
4200 Montrose Blvd., Ste. 200
Houston, TX 77006
Tel: (888) 350-3931
Fax: (888) 276-3455
Email: jellzey@eksm.com
Email: lmontgomery@eksm.com

J. Barton Goplerud
Brian O. Marty
**SHINDLER, ANDERSON, GOPLERUD
& WEESE P.C.**
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
Tel: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

J. Gerard Stranch, IV**
Grayson Wells**
**STRANCH, JENNINGS & GARVEY
PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
(615) 255-5419 (facsimile)
gstranch@stranchlaw.com
gwells@stranchlaw.com

Samuel J. Strauss**
Raina C. Borrelli**
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile : (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

*Attorneys for Plaintiffs*
\* Admitted *pro hac vice*
\*\* *Pro hac vice* motion pending